UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOVERNMENT ACCOUNTABILITY & OVERSIGHT, | |
| Plaintiff, | Civil Action No. 24-1829 (RDM) |
| v. | [First Filed Case] |
| UNITED STATES DEPARTMENT OF ENERGY, | |
| Defendant. | |
| GOVERNMENT ACCOUNTABILITY & OVERSIGHT, | Civil Action Nos. |
| | 24-1887 (APM) |
| Plaintiff, | 24-1926 (JMC) |
| | 24-1957 (RC) |
| v. | 24-2027 (APM) |
| | 24-2039 (RDM) |
| UNITED STATES DEPARTMENT OF ENERGY, | 24-2077 (JMC) |
| | 24-2099 (RC) |
| Defendant. | |

**DEFENDANT'S MOTION TO CONSOLIDATE**
**AND MEMORANDUM IN SUPPORT THEREOF**

**TABLE OF CONTENTS**

Table of Contents ........................................................................................................................... i

Table of Authorities ..................................................................................................................... ii

Background ..................................................................................................................................... 1

Legal Standards ............................................................................................................................. 3

Argument ........................................................................................................................................ 4

      I.      The Eight FOIA Actions Involve Common Issues of Fact and Law. ..................... 4

      II.     Consolidation Avoids Unnecessary Duplication of Litigation and Unnecessary Congestion of the Court's Dockets. ...................................................................... 6

Conclusion ................................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Albert Einstein Healthcare Network v. Azar*,
  Civ. A. No. 17-1134, 2019 WL 13098596 (D.D.C. 2019) ........................................ 7

*Am. Postal Workers Union v. Postal Serv.*,
  422 F. Supp. 2d 240 (D.D.C. 2006) ...................................................................... 7

*Blasko v. Wash. Metro. Transit Auth.*,
  243 F.R.D. 13 (D.D.C. 2007) ........................................................................... 3, 7

*Chang v. United States*,
  217 F.R.D. 262 (D.D.C. 2003) ............................................................................. 3

*Hanson v. District of Columbia*,
  257 F.R.D. 19 (D.D.C. 2009) ........................................................................... 3, 7

*Jud. Watch, Inc. v. Dep't of Energy*,
  207 F.R.D. 8 (D.D.C. 2002) ................................................................................. 6

*Louisiana v. Biden*,
  Civ. A. No. 24-406, 2024 WL 3253103 (W.D. La. July 1, 2024) ............................ 5

*Middlebrooks v. Godwin Corp.*,
  279 F.R.D. 8 (D.D.C. 2011) ................................................................................ 4

*Mylan Pharms. Inc. v. Henney*,
  94 F. Supp. 2d 36 (D.D.C. 2000) ...................................................................... 4, 6

*Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of Fed. Reserve Sys.*,
  770 F. Supp. 2d 283 (D.D.C. 2011) ................................................................... 4, 7

*Nat'l Sec. Counselors v. CIA*,
  322 F.R.D. 41 (D.D.C. 2017) ............................................................................ 4, 5

*New York v. Microsoft Corp.*,
  209 F. Supp. 2d 132 (D.D.C. 2002) ...................................................................... 9

*Robert v. Dep't of Just.*,
  Civ. A. No. 05-254, 2005 WL 3371480 (E.D.N.Y. Dec. 12, 2005) ......................... 6

*Singh v. Carter*,
  185 F. Supp. 3d 11 (D.D.C. 2016) ........................................................................ 9

*Stewart v. O'Neill*,
   225 F. Supp. 2d 16 (D.D.C. 2002) ............................................................................... 3

\* *Trustees of the Iam Nat'l Pension Fund v. Ohio Magnetics, Inc.*,
   Civ. A. No. 21-928, 2021 WL 3036854 (D.D.C. July 16, 2021) .................................... 9

**Rules**

\* Fed. R. Civ. P. 42 .................................................................................................................. 3

Defendant, the Department of Energy (the "Department"), respectfully moves this Court to consolidate the above-captioned cases pursuant to Federal Rule of Civil Procedure ("Rule") 42(a) and Local Civil Rule 40.5. As explained below, these eight Freedom of Information Act ("FOIA") cases implicate common issues of fact and law, and separate litigation of the eight actions would needlessly create duplication of efforts by the parties and the Court and significantly burden the Department's strained resources. Pursuant to Local Civil Rule 7(m), the undersigned conferred with Plaintiff's counsel about the relief sought in this motion. Plaintiff opposes the relief requested.

## BACKGROUND

Plaintiff congested the docket of this Court by filing eight separate, related FOIA actions in connection with four individual, but related, FOIA requests that all seek the same records, namely correspondence and other electronic communications or documents regarding a pause that the Department announced in January 2024 involving liquefied natural gas ("LNG") export authorizations and Plaintiff's belief of the existence of a 2023 LNG export study, which Plaintiff claims was buried by Department senior officials. *See* Declaration of Alexander Morris ("Morris Decl."), Exs. A-D. These eight lawsuits are assigned to four different jurists and make the following claims:

| FOIA Request No. / Date: Sought Records on Gas Pause | Case No. | File Date | FOIA Claim |
|---|---|---|---|
| 1. HQ-2024-02097-F / June 7, 2024: Emails and report | 24-1829 (RDM) | June 25, 2024 | Expedited processing |
| | 24-2039 (RDM) | July 13, 2024 | Duty to provide records |
| 2. HQ-2024-02116-F / June 11, 2024: Emails and Calendar entries | 24-1887 (APM) | June 28, 2024 | Expedited processing |
| | 24-2027 (APM) | July 12, 2024 | Duty to provide records |

| 3. | HQ-2024-02165-F / June 13, 2024: Text messages | 24-1926 (JMC) | July 1, 2024 | Expedited processing |
| | | 24-2077 (JMC) | July 17, 2024 | Duty to provide records |
| 4. | HQ-2024-02254-F / June 14, 2024: Non-email, non-text message correspondence | 24-1957 (RC) | July 3, 2024 | Expedited processing |
| | | 24-2099 (RC) | July 17, 2024 | Duty to provide records |

The first FOIA request, dated June 7, 2024, seeks a copy of the purported LNG export study from 2023 and certain emails from a ten-month period in 2023 transmitting that purported report from the National Energy Technology Laboratory to the Department's Office of Fossil Energy.[1] Morris Decl., Ex. A at 2.[2] The second request dated June 11, 2024, the third request dated June 13, 2024, and the fourth request dated June 14, 2024, all seek correspondence between three senior Department officials and three other senior government officials from a three-day period in January 2024. Morris Decl., Ex. B at 2; *id.*, Ex. C at 2; *id.*, Ex. D at 2. The second request seeks calendar entries and emails, *id.*, Ex. B at 2; the third request seeks text messages, *id.*, Ex. C at 2; and the fourth request seeks all non-email and non-text messages (i.e., chats), *id.*, Ex. D at 2.

For all four FOIA requests, Plaintiff explained that the records relate to its belief that the Department "produced a LNG export study in 2023 which senior political officials then buried, keeping it from the public's view as the current administration sought to engineer a 'pause' of liquified natural gas (LNG) exports, which it did as part of a major media rollout in January 2024." Morris Decl. Ex. A at 3; *see also id.*, Ex. B at 2-3; *id.*, Ex. C at 2-3; *id.*, Ex. D at 3. For all four FOIA requests, Plaintiff also provided the same or similar explanation for its request for expedited

---

[1]    This office was formerly known as the Office of Fossil Energy and is now the Office of Fossil Energy and Carbon Management.

[2]    All cites are to the page numbers in ECF-generated headings.

processing and a fee waiver. *See id.*, Ex. A; *id.*, Ex. B; *id.*, Ex. C; *id.*, Ex. D; Morris Decl. ¶¶ 15-23.

As shown in the chart above, for each of these four FOIA requests, Plaintiff filed two separate court complaints: one alleging its right to expedited processing and the other alleging the duty of the Department to provide responsive records in response to the request. For each of the four pairs, Plaintiff filed a notice of relatedness pursuant to Local Civil Rule 40.5, notifying the Courts that the expedited-processing complaint is related to the duty-to-provide records complaint because of "common issues of fact" and because the complaints "grow[] out of the same event or transaction." *See* Pl.'s Not., Civ. A. No. 24-2039 (RDM), ECF No. 2; Pl.'s Not., Civ. A. No. 24-2027 (APM), ECF No. 3; Pl.'s Not., Civ. A. No. 24-2077 (JMC), ECF No. 2; Pl.'s Not., Civ. A. No. 24-2099 (RC), ECF No. 2.

## LEGAL STANDARDS

Rule 42(a) provides that "when actions involving a common question of law or fact are pending before the court, it may order . . . all the actions consolidated." Fed. R. Civ. P. 42(a). The decision to grant a motion to consolidate is within the discretion of the trial court. *See Stewart v. O'Neill*, 225 F. Supp. 2d 16, 20 (D.D.C. 2002). When exercising that discretion, "courts weigh considerations of convenience and economy against considerations of confusion and prejudice." *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003). "[C]onsolidation is particularly appropriate when the actions . . . arise from the same series of events or facts." *Blasko v. Wash. Metro. Transit Auth.*, 243 F.R.D. 13, 15 (D.D.C. 2007). Moreover, "actions that involve the same parties are apt for consolidation." *Id*. Consolidation may be unwarranted, however, "[i]f the parties at issue, the procedural posture[,] and the allegations in each case are different." *Hanson v. District of Columbia*, 257 F.R.D. 19, 21 (D.D.C. 2009).

"Consolidation allows courts to avoid the squandering of resources in unnecessary proceedings, and district courts have the authority to exercise discretion in determining if such consolidation is appropriate." *Middlebrooks v. Godwin Corp.*, 279 F.R.D. 8, 12 (D.D.C. 2011). "In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual or legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated." *Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of Fed. Reserve Sys.*, 770 F. Supp. 2d 283, 286 (D.D.C. 2011). Here, those factors weigh in favor of consolidation.

## ARGUMENT

### I.   The Eight FOIA Actions Involve Common Issues of Fact and Law.

As an initial matter, Plaintiff's notices of relatedness concede that for each of the four FOIA requests at issue here, its case seeking expedited processing involves "common issues of fact" to its other case seeking the underlying records. Plaintiff made this concession when it filed a notice of relatedness in those respective pairs of cases. *See* Pl.'s Not., Civ. A. No. 24-2039 (RDM), ECF No. 2; Pl.'s Not., Civ. A. No. 24-2027 (APM), ECF No. 3; Pl.'s Not., Civ. A. No. 24-2077 (JMC), ECF No. 2; Pl.'s Not., Civ. A. No. 24-2099 (RC), ECF No. 2.

Accordingly, the only issue for this Court's consideration is whether those four FOIA requests involve common issues of fact and law, such as to favor consolidation of all eight lawsuits. *See Mylan Pharms. Inc. v. Henney*, 94 F. Supp. 2d 36, 44 (D.D.C. 2000) ("consolidation is proper to *any or all* matters in issue which are common" (emphasis in original)), *vacated on other grounds*, 276 F.3d 627 (D.C. Cir. 2002). When several requests involve common affiants or documents, as is the case here, consolidation is favored.  *See Nat'l Sec. Counselors v. CIA*, 322

F.R.D. 41, 43 (D.D.C. 2017) ("[c]onsolidation is particularly appropriate when the actions . . . involve . . . the same witnesses . . . events or facts").

The face of the four FOIA requests show that they involve the same issues of fact. All four FOIA requests are directed to the same agency and arise from Plaintiff's desire to seek essentially the same set of records: correspondence related to Plaintiff's belief of the existence of a 2023 LNG export study that it believes Department senior officials attempted to hide. *See* Morris Decl., Ex. A at 3; *id.*, Ex. B at 2-3; *id.*, Ex. C at 2-3; *id.*, Ex. D at 3. Additionally, for all four FOIA requests, Plaintiff itself identified the same three custodians at the Department likely possessing responsive records: (1) Brad Crabtree; (2) David Turk; and (3) David Crane. *See* Morris Decl., Ex. A at 2; *id.*, Ex. B at 2; *id.*, Ex. C at 2; *id.*, Ex. D at 2. The Department's search covers the same offices at the Department using an overlapping set of Department custodians. Morris. Decl. ¶¶ 24-28. And as a result, the Department will likely need to confer among the same individuals at these offices as to the existence of any records as well as any exemptions that may need to be considered and asserted in withholding any information in any records deemed responsive. *Id.* ¶ 30.

Additionally, for all four FOIA requests, Plaintiff provided the same explanations to the Department as to why it is entitled to expedited processing (focused on the pause[3] announced in January 2024 and the purported 2023 LNG export study) and a fee waiver. *See* Morris Decl., Ex. A; *id.*, Ex. B; *id.*, Ex. C; *id.*, Ex. D; Morris Decl. ¶¶ 15-23.

---

[3]      On July 1, 2024, the United States District Court for the Western District of Louisiana enjoined the Department from "halting and/or pausing the approval process for pending and future applications for LNG exports." *Louisiana v. Biden*, Civ. A. No. 24-406, 2024 WL 3253103 (W.D. La. July 1, 2024).

In this light, there will also be common questions of law that permeate all eight separate complaints implicating the four FOIA requests. To the extent that Plaintiff chooses to challenge any withholdings by the Department, common questions of law and fact will underpin the Court's determination regarding the propriety of any withholdings. Should these eight cases proceed to summary judgment briefing, the Department will likely rely on the same declarant(s) for all four FOIA requests to justify its reasons for either granting or not granting expedited processing or a fee waiver, its search, and any withholdings in eight separate cases. *See* Morris Decl. ¶¶ 17, 23, 30. As a result, the Court's potential review of Plaintiff's entitlement to expedited processing and a fee waiver, and Defendant's withholdings and search will also be the same across four FOIA requests and eight cases. *See id.* ¶¶ 17, 23, 30. Briefing these identical questions at different stages of proceedings, in eight separate cases, and before four different jurists only further underscores the burden on this Court, the parties, and particularly the Department and its already strained resources.

## II.   Consolidation Avoids Unnecessary Duplication of Litigation and Unnecessary Congestion of the Court's Dockets.

Given that all eight lawsuits involve common issues of fact and law, consolidation of these actions will avoid duplicative review and consideration of the same facts and thus serve the interest of judicial economy. *See Jud. Watch, Inc. v. Dep't of Energy*, 207 F.R.D. 8, 8 (D.D.C. 2002) (consolidating, over one plaintiff's objection, two FOIA actions brought by different plaintiffs in the interest of judicial economy); *Robert v. Dep't of Just.*, Civ. A. No. 05-254, 2005 WL 3371480, at *7–8 (E.D.N.Y. Dec. 12, 2005), *aff'd as modified*, 439 F. App'x 32 (2d Cir. 2011) (consolidating "actions challenging agency denials of similar FOIA requests by [plaintiff] against [three agencies]" as they "implicate common questions of law and fact"); *Mylan Pharms.*, 94 F. Supp. 2d at 43 (consolidating two actions brought by different plaintiffs because they both challenge

essentially the same agency action); *Hanson*, 257 F.R.D. at 21-23 (consolidating cases against same defendant where cases present same question of law because "consolidation would save time and effort for the court and for the defendants by resolving this issue in one proceeding rather than two"). In all eight cases, the legal and factual questions will turn on whether the Department properly responded to Plaintiff's request for expedited processing and fee waivers, or appropriately conducted searches and withheld records under the FOIA in response to Plaintiff's request for essentially the same set of records requested from the Department—to which the Department will likely provide the same or substantially similar explanations or defenses. *See* Morris Decl. ¶¶ 17, 23, 30.

Plaintiff cannot demonstrate that the consolidation of these actions will result in prejudice. *See Nat'l Ass'n of Mortg. Brokers*, 770 F. Supp. 2d at 286 (stating that the court should weigh risk of prejudice posed by consolidation against risk of inconsistent rulings and increased burdens posed by separate proceedings). Because Plaintiff is the same in all eight cases, consolidation does not "give rise to a risk of prejudice and confusion by forcing different plaintiffs to speak with one voice or requiring multiple law firms to coordinate." *Albert Einstein Healthcare Network v. Azar*, Civ. A. No. 17-1134 (ABJ), 2019 WL 13098596, at *4 (D.D.C. 2019). Indeed, "[t]here is very little risk of prejudice or confusion if these cases are consolidated given that [the] cases involve the same parties and the same counsel." *Am. Postal Workers Union v. Postal Serv.*, 422 F. Supp. 2d 240, 245 (D.D.C. 2006). Any potential delay to scheduling in one case as production is completed in the other would be neither significant nor sufficient to outweigh the benefits of consolidation here. *See Hanson*, 257 F.R.D. at 23 (finding that a slight delay in proceedings caused by consolidation does not amount to sufficient prejudice to disfavor consolidation); *Blasko*, 243 F.R.D. at 16 (same).

Moreover, all eight cases are in the early stages of litigation. Responsive pleadings in the form of an answer have only been filed in three of the eight cases and were filed within the last month. *See* Answer, Civ. A. No. 24-1829 (RDM), ECF No. 8 (Aug. 15, 2024); Def.'s Mot. to Stay, Civ. A. No. 24-2039 (RDM), ECF No. 9 (Sept. 6, 2024); Answer, Civ. A. No 24-1887 (APM), ECF No. 7 (Aug. 15, 2024); Def.'s Mot. to Stay, Civ. A. No. 24-2027 (APM), ECF No. 8 (Sept. 12, 2024); Def.'s Mot. to Stay, Civ. A. No. 24-1926 (JMC), ECF No. 5 (Sept. 9, 2024); Def.'s Mot. to Stay, Civ. A. No. 24-2077 (JMC), ECF No. 7 (Sept. 12, 2024); Answer, Civ. A. No. 24-1957 (RC), ECF No. 6 (Sept. 6, 2024); Aug. 15, 2024, Min. Order, Civ. A. No. 24-2099 (RC) (Response due Sept. 18, 2024). The Department furthermore has not yet completed its processing for three of the four FOIA requests. Morris Decl. ¶¶ 8, 10, 12.

If anything, prejudice will inure to the Department should these cases continue to proceed separately and on different litigation tracks, rather than as one consolidated action. If these cases are left in their status quo, the Department will be left negotiating potentially three[4] different processing and production schedules for essentially the same or similar set of records from the same program offices within the Department. And because each pair of cases related to one FOIA request is assigned to a different jurist, there is a possibility that each jurist may require a different processing and production schedule for each FOIA request. Such varying processing and production schedules for essentially subparts of the same FOIA request will only lead to confusion and inefficiency, especially where the Department's search is directed within the same offices and the same overlapping set of custodians in response to the three remaining FOIA requests. Further, the Department will likely need to review all the records responsive to all three FOIA requests

---

[4]     On September 3, 2024, the Department issued a final response to the fourth FOIA request (FOIA Request No. HQ-2024-02254-F), which is at issue in Case Nos. 24-1957 and 24-2099. Morris Decl. Ex. E.

together in determining what information may need to be withheld. These facts counsel in favor of consolidation.

Finally, consolidation will serve judicial economy and conserve judicial resources. "Indeed, one of the core functions of consolidation under Rule 42(a) is to 'relieve[ ] the parties and the Court of the burden of duplicative pleadings and Court orders.'" *Trustees of the Iam Nat'l Pension Fund v. Ohio Magnetics, Inc.*, Civ. A. No. 21-928 (RDM), 2021 WL 3036854, at *1 (D.D.C. July 16, 2021) (quoting *New York v. Microsoft Corp.*, 209 F. Supp. 2d 132, 148 (D.D.C. 2002)). "Consolidation in such circumstances also reduces 'the risk of inconsistent rulings on common factual and legal questions.'" *Id.* (quoting *Singh v. Carter*, 185 F. Supp. 3d 11, 18 (D.D.C. 2016)). Given that all four FOIA requests implicated in eight separate cases involve the same subject matter, the Department will very likely justify its search, processing rate, and any potential withholdings with substantially the same declaration(s) for all four FOIA requests. Morris Decl. ¶¶ 24-30. Moreover, because Plaintiff provided substantially similar explanations for expedited processing and fee waiver for all four FOIA requests (with three of the requests including identical justifications for expedited processing), the Department expects to justify its decisions on those matters with the same declaration. *See* Morris. Decl. ¶¶ 17, 23, 30. It would thus serve judicial economy for the parties to brief these issues in one summary judgment briefing rather than through eight potentially duplicative summary judgment briefs.

Indeed, the duplicative briefing that will occur should these cases not be consolidated has already been demonstrated by Plaintiff itself. In both Civ. A. No. 24-1829 (RDM) and Civ. A. No. 24-1887 (APM), cases involving Plaintiff's claims for expedited processing for the first and second FOIA requests, respectively, Plaintiff filed substantively similar motions for judgment on the pleadings. *Compare* Mot. for J. on Pleadings, Civ. A No. 24-1829 (RDM), ECF No. 10 at 9-18,

*with* Mot. for J. on Pleadings, Civ. A No. 24-1887 (APM), ECF No. 11 at 10-19 (both arguing Plaintiff's role in disseminating information, the public interest in the LNG pause, the requests' connection to government activity, and the need for the public to engage in "ongoing and intense debate"). Plaintiff's intent to pursue its claims for expedited processing in identical fashion for these FOIA requests in two separate lawsuits only further supports the need for consolidation so that these claims can be considered together without the risk of duplicative efforts and inconsistent rulings.

Accordingly, Defendant asks that the eight cases be consolidated and that they be allowed to make a single set of filings for all actions. In the alternative, at a minimum, Defendant requests that the Court consolidate this case with Civ. Case No. 24-2039 since the two cases involve the same FOIA request, HQ-2024-02097-F, and Plaintiff has already acknowledged that these cases are related. *See* Pl.'s Not., Civ. A. No. 24-2039, ECF No. 2.

\*  \*  \*

## CONCLUSION

For these reasons, the Court should consolidate the above-noted actions.  In the alternative, Defendant requests that the Court consolidate this case with Civ. Case. No. 24-2039.


Dated: September 13, 2024        Respectfully submitted,

           MATTHEW M. GRAVES, D.C. Bar #481052
           United States Attorney

           BRIAN P. HUDAK
           Chief, Civil Division


By: _____ */s/ Erika Oblea* _____
           ERIKA OBLEA, DC Bar #1034393
           BRENDA GONZÁLEZ HOROWITZ,
           DC Bar #1017243
           Assistant United States Attorneys
           601 D Street, NW
           Washington, DC 20530
           (202) 252-2500 (main)
           Erika.Oblea@usdoj.gov
           Brenda.Gonzalez.Horowitz@usdoj.gov

           *Attorneys for the United States of America*