UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA,

| | |
|---|---|
| GOVERNMENT ACCOUNTABILITY & OVERSIGHT, <br><br>       Plaintiff, <br><br>    v. <br><br> UNITED STATES DEPARTMENT OF ENERGY, <br><br>       Defendant. | Civil Action No. 24-1829 (RDM) <br> [First Filed Case] |
| GOVERNMENT ACCOUNTABILITY & OVERSIGHT, <br><br>       Plaintiff, <br><br>    v. <br><br> UNITED STATES DEPARTMENT OF ENERGY, <br><br>       Defendant. | Civil Action Nos. <br> 24-1887 (APM) <br> 24-1926 (JMC) <br> 24-1957 (RC) <br> 24-2027 (APM) <br> 24-2039 (RDM) <br> 24-2077 (JMC) <br> 24-2099 (RC) |

## DECLARATION OF ALEXANDER C. MORRIS

I, Alexander C. Morris, hereby declare as follows:

1.      My name is Alexander C. Morris. I am employed by the United States Department of Energy ("DOE") and my current job title is Freedom of Information ("FOIA") Officer in the Office of Public Information ("OPI") located within DOE's Office of Management ("MA") for DOE Headquarters ("DOE HQ").

2.      In my role as FOIA Officer, I serve as the manager for all FOIA requests sent to DOE HQ. I have held this position since July 2008.

3.      In my current capacity, my responsibilities include overseeing the intake, review, analysis, and processing of FOIA requests submitted to DOE HQ.

4.      The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

5.      Due to the nature of my official duties, I am familiar with the procedures followed by DOE HQ in responding to requests for information pursuant to the provisions of the FOIA, 5 U.S.C. § 552 and DOE's FOIA regulations, 10 C.F.R. § 1004.

6.      As FOIA Officer, I oversee the processing of requests and sign the response letters issued by OPI. This declaration will provide background on FOIA Requests HQ-2024-02097-F, HQ-2024-02116-F, HQ-2024-02165-F, and HQ-2024-02254-F submitted by Joe Thomas on behalf of Government Accountability & Oversight ("Plaintiff"), at issue in the above-captioned cases. I make this declaration based on personal knowledge and on information made available to me in the course of my official duties. I submit this declaration in support of DOE's Motion to Consolidate the above-captioned matters.

## I.  Plaintiff's FOIA Requests

### A. FOIA Request HQ-2024-02097-F: Report and Emails

7.      On behalf of DOE HQ, I received Plaintiff's FOIA Request HQ-2024-02097-F on June 7, 2024. This request is the subject of Case Nos. 24-1829 and 24-2039. Plaintiff requested:

> [C]opies of 1) any [liquefied natural gas ("LNG")] export study transmitted by the National Energy Technology Lab to the Office of Fossil Energy between January 1, 2023 and October 31, 2023, and 2) the email(s) transmitting the document(s) from NETL to, inter alia, OFF.
>
> To assist your search, on information and belief we suggest that recipients of the NETL email(s) transmitting the document to OFF likely include Amy Sweeney and/or Ryan Peay. If there is no record on the Department's backend logs/system that Ms. Sweeney or Mr. Peay were recipients of the described records, DoE's OFF

and/or NETL personnel are the experts on the custodianship of responsive records. We suggest the former include OFF's Brad Crabtree, but also Deputy Secretary David Turk and Undersecretary David Crane; the latter likely but not certainly include James Littlefield, Gregory Cooney, and/or Timothy Skone.

(**Exhibit A** – Plaintiff's June 7, 2024, FOIA Request).

8.      The search on HQ-2024-02097-F has been completed and currently we are in the process of conducting a responsiveness review.

### B. FOIA Request HQ-2024-02116-F: Calendar Invitations

9.      On behalf of DOE HQ, I received Plaintiff's FOIA Request HQ-2024-02116-F on June 11, 2024. This request is the subject of Case Nos. 24-1887 and 24-2027. Plaintiff requested copies of:

> [A]ll emails (any account), and any calendar invitations, sent to or from or including 1) David Turk, 2) Brad Crabtree, and/or1 3) David Crane, dated at any time over a three-day period (January 24, 2024 through January 26, 2024, inclusive), which messages/calendar invitations were sent to, from or which (also) copy or include Ali Zaidi (White House), Jennifer Granholm (Department of Energy), and/or Chris Davis (Department of Energy).

(**Exhibit B** – Plaintiff's June 11, 2024, FOIA Request).

10.     The search on HQ-2024-02116-F is complete.   Responsiveness review is also complete.  We are currently reviewing documents for outside equity review.

### C. FOIA Request HQ-2024-02165-F: Text Messages

11.     On behalf of DOE HQ, I received Plaintiff's FOIA Request HQ-2024-02165-F on June 13, 2024. This request is the subject of Case Nos. 24-1926 and 24-2077. Plaintiff requested:

> [C]opies of the below-described records for each of three named custodians—1) David Turk, 2) Brad Crabtree, and/or1 3) David Crane—dated at any time over a three-day period (January 24, 2024 through January 26, 2024, inclusive):
>
> text messages (sent to or from any of the named officials' accounts)[1], which messages were sent to, from or which (also) copy or include Ali Zaidi (White House), Jennifer Granholm (Department of Energy), and/or Chris Davis (Department of Energy).

(**Exhibit C** – Plaintiff's June 13, 2024, FOIA Request). The request further defined "text

messages" to "include[] SMS/MMS messages and any message sent or received via Signal,

Slack, WhatsApp, or Telegram, and/or direct messages (DMs) on Twitter or other social

media platform." *Id.*

12.     The search of two custodians is complete for HQ-2024-02165-F.   We are

finalizing the search for the third custodian.

### D. FOIA Request HQ-2024-02254-F: Non-Email, Non-Text Messages

13.     On behalf of DOE HQ, I received Plaintiff's FOIA Request HQ-2024-

02254-F on June 14, 2024. This request is the subject of Case Nos. 24-1957 and 24-2099.

Plaintiff requested:

> [C]opies of the below-described records for each of three named custodians—1)
> David Turk, 2) Brad Crabtree, and/or 3) David Crane—dated at any time over a
> three-day period (January 24, 2024 through January 26, 2024, inclusive): Non-
> email, non-text-message electronic instant messages ("chats"), which messages
> were sent to, from or which (also) copy or include Ali Zaidi (White House), Jennifer
> Granholm (Department of Energy), and/or Chris Davis (Department of Energy).

(**Exhibit D** – Plaintiff's June 14, 2024, FOIA Request).

14.     DOE issued a final response letter to Plaintiff regarding this request on September

3, 2024 (letter dated August 30, 2023).  *See* **Exhibit E**.

## II.  Plaintiff's Request for Expedited Processing for All Four FOIA Requests

15.     In seeking expedited processing of HQ-2024-02097-F, Plaintiff provided this

context for the information sought:

> Regarding the particular urgency to inform the public about the government activity
> involved in this request, beyond the public's right to know about government
> activity generally, **Requester certifies** to the best of its information and belief that
> DoE produced a LNG export study in 2023 which senior political officials then
> buried, keeping it from the public's view as the current **administration sought to
> engineer a "pause" of liquified natural gas (LNG) exports**, which it did as part

of a major media rollout in January 2024. This reversal, following a political pressure campaign underwritten by substantial, ideological donors, was made purportedly so as to study the macroeconomic outcomes under various LNG export scenarios, including the impact on emissions, the domestic economy, natural gas prices, jobs, etc, which, Requester states on information and belief, was what the 2023 report assessed but which answers the administration did not find helpful. In response to a strong negative domestic and international reaction to this policy reversal the administration indicated it would conclude this "pause" by the end of last month, which has now come and gone. The engineered "pause" had and continues to have major geopolitical and economic consequences of great national and international interest.

Both the existence and the content of the described records, both the parent email and the record transmitted, are both of extraordinary and timely public interest.

The information is therefore most appropriate for expedited processing such that the typical, drawn-out response to a FOIA request will leave the requested public information much less relevant for FOIA's purpose of timely informing proper consideration of federal policy and its other activities, including here the suppression of inconvenient expert analysis. Specifically, the public must have the ability to examine and review the requested materials in time to have their say on this major policy reversal, which also is a prerequisite to seeking judicial review of any agency actions under the Administrative Procedure Act or other laws. The Executive Branch cannot be permitted to shield the fact or content of its receipt and suppression of what it views as unacceptably positive news which stands in the way of and argues against desired public policy.

Requester therefore intends to disseminate the information it obtains for purposes including to facilitate First Amendment activity by citizens, journalists, and others among the highly interested and broad population **interested in the policy reversal to which the described records are most relevant (the LNG export "pause")**, who plainly also include citizens who might seek to timely petition the government for redress or to educate those affected by government activity while such consideration(s) and actions still can have a timely impact.

(**Exhibit A** (emphasis added) (footnotes omitted)).

16.     The other three requests described in Paragraphs 8-10 provide this context:

Regarding the particular urgency to inform the public about the government activity involved in records responsive to this request, beyond the public's right to know about government activity generally, **Requester certifies** to the best of its information and belief that DoE produced a LNG export study in 2023—announced in January 2024—which 2023 report senior political officials then buried, keeping it from the public's view as the **current administration sought to engineer a "pause" of liquified natural gas (LNG) exports**, which it did as part of a major

media rollout in January 2024. This reversal, following a political pressure campaign underwritten by substantial, ideological donors, was made purportedly so as to study the macroeconomic outcomes under various LNG export scenarios, including the impact on emissions, the domestic economy, natural gas prices, jobs, etc, which, Requester states on information and belief, was what the 2023 report assessed but which answers the administration did not find helpful. In response to a strong negative domestic and international reaction to this policy reversal the administration indicated it would conclude this "pause" by the end of last month, which has now come and gone. The engineered "pause" had and continues to have major geopolitical and economic consequences of great national and international interest.

**Any responsive records will reflect what Requester understands was a 'mad scramble' to frame and roll out the "pause" for pretextual reasons are of extraordinary and timely public interest.**

The information is therefore most appropriate for expedited processing such that the typical, drawn-out response to a FOIA request will leave the requested public information much less relevant for FOIA's purpose of timely informing proper consideration of federal policy and its other activities, including here the suppression of inconvenient expert analysis. Specifically, the public must have the ability to examine and review the requested materials in time to have their say on this major policy reversal, which also is a prerequisite to seeking judicial review of any agency actions under the Administrative Procedure Act or other laws. The Executive Branch cannot be permitted to shield the fact or content of its receipt and suppression of what it views as unacceptably positive news which stands in the way of and argues against desired public policy.

Requester therefore intends to disseminate the information it obtains for purposes including to facilitate First Amendment activity by citizens, journalists, and others among the highly interested and broad population **interested in the policy reversal to which the described records are most relevant (the LNG export "pause")**, who plainly also include citizens who might seek to timely petition the government for redress or to educate those affected by government activity while such consideration(s) and actions still can have a timely impact.

(**Exhibits B-D** (emphasis added) (footnotes omitted)).

17.    It is part of my duties to determine whether a requestor has met their burden to show entitlement to expedited processing.  Because Plaintiff has offered the same rationale in each of its FOIA requests for expedited processing, I have taken into account or otherwise expect to take into account the same considerations in deciding whether to grant expedited processing for

all four FOIA requests. Expedited processing was denied on three of the requests – HQ-2024-02116-F, HQ-2024-02165-F and HQ-2024-02254-F – before DOE learned about the associated litigation. In the case of HQ-2024-02097-F, DOE became aware of the litigation before the expedited processing determination was made and, therefore, no interim response letter was issued.

**III.  Plaintiff's Request for Fee Waivers for All Four Requests**

18.     Plaintiff also requested a fee waiver or a reduction of fees in all four (4) FOIA cases filed with DOE. Plaintiff's justification for the fee waiver in HQ-2024-02097-F consisted of, in part, the following: "Disclosure of the requested records will allow GAO to convey to the public information about the above-described policy reversal to curb LNG production." (**Exhibit A**).

19.     The identical justification can be found in request HQ-2024-02116-F, which was filed two (2) business days later. *See* (**Exhibit B**).

20.     In HQ-2024-02165-F, the fee waiver justification included the same justification identified above, but added: "and, therefore inherently, production, purportedly to conduct [a] study which, we state on information and belief, DoE had already conducted." *See* (**Exhibit C**).

21.     HQ-2024-02165-F was received two (2) days after HQ-2024-02116-F.

22.     In HQ-2024-02254-F, the identical justification for a fee waiver was used by Plaintiff as in HQ-2024-02165-F. This request was received one (1) day after HQ-2024-02165-F.

23.     It is part of my duties to make the determination whether a requestor has met their burden to show entitlement to a fee waiver.  Because Plaintiff has offered the same rationale in each of its FOIA requests for a fee waiver, I have taken into account or otherwise expect to take into account the same considerations in deciding whether to grant a fee waiver for all four FOIA requests.  A fee waiver was granted on three of the requests – HQ-2024-02116-F, HQ-2024-02165-F, and HQ-2024-02254-F before DOE learned about the associated litigation.  In the case of HQ-

2024-02097-F, DOE became aware of the litigation before the fee waiver determination was made and, therefore, no interim response letter was issued.

**IV.  OPI's Search and Processing in Response to All Four FOIA Requests**

24.      These four (4) FOIA response requests that are the basis for Plaintiff's eight (8) complaints pending before this Court, and distributed among four (4) of its judges, all concern the same subject matter – a pause that DOE announced in January 2024 involving LNG export authorizations and Plaintiff's belief of the purported existence of a LNG export study in 2023, which Plaintiff claims was buried by DOE senior officials in 2023.

25.      All four FOIA requests require review by and searches of records from the same three departments within DOE: (1) the Office of Fossil Energy and Carbon Management ("FECM"), (2) the Office of the Secretary ("S"), and (3) the Office of the Under Secretary for Infrastructure ("S3").

26.      DOE's decision to search FECM was based on the language of the four requests and OPI's understanding that FECM is the organization within DOE that has regulatory responsibilities related to LNG under the Natural Gas Act. LNG exporters must obtain authorization to do so from FECM. Brad Crabtree is the Assistant Secretary for DOE's FECM, where he leads and directs FECM's research and development programs, including DOE's LNG export authorization program. Therefore, it is the office that would most likely maintain records related to the LNG export authorization program (which is the subject of all four FOIA requests) and its custodian, Brad Crabtree (who is also the subject of all four FOIA requests).

27.      DOE's decision to search S was based on the request and OPI's understanding that S is the office at DOE that all organizational components funnel information and mission critical elements to and the office that is leading DOE's work to advance the cutting-edge clean energy

technologies that will help America achieve President Biden's goal of net-zero carbon emissions by 2050 while creating millions of good-paying union clean energy jobs and building an equitable economy. David Turk is the Deputy Secretary of DOE. Therefore, it is the office that would most likely maintain records related to the LNG export authorization program (which is the subject of all four FOIA requests) and its custodian, Deputy Secretary David Turk (who is also the subject of all four FOIA requests).

28.     DOE's decision to search S3 was based on the request and OPI's understanding that S3 is the office at DOE that deploys energy infrastructure investments from the Energy Act of 2020, the Infrastructure Investment and Jobs Act — commonly referred to as the "Bipartisan Infrastructure Law (BIL)," and the Inflation Reduction Act. David Crane is the Under Secretary for Infrastructure.  Therefore, it is the office that would most likely maintain records related to LNG export authorization program (which is the subject of all four FOIA requests) and custodian, David Crane (who is also the subject of all four FOIA requests).

29.     HQ-2024-02116-F, HQ-2024-02165-F, and HQ-2024-02254-F involve identical custodians and date ranges, differing only as to the type of electronic media (chats, text messages, calendar entries, and emails) requested.

30.     Additionally, all four (4) FOIA requests are being processed by the same analysts in my office within OPI.  Because Plaintiff requested similar items from the same offices listed above in each of its FOIA requests, DOE's defenses will require coordination among the same staff and offices, and I anticipate common defenses for the substantive underlying claims.

***

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

- 10 -

Executed this 12th day of September 2024, Washington, D.C.

*Alexander Morris*

Alexander C. Morris