# Exhibit E

Final Response Letter and Transmittal Email for FOIA Request No. HQ-2024-02254-F



**Department of Energy**
Washington, DC 20585

August 30, 2024

Joe Thomas
Government Accountability & Oversight
30 N. Gould Street, #12848
Sheridan, WY  82801

Via email: joe@govoversight.org

Re:  HQ-2024-02254-F

Dear Mr. Thomas:

This is a final response to the request for information that you sent to the U.S. Department of Energy (DOE) under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. You requested the following:

> copies of the below-described records for each of three named custodians—1) David Turk, 2) Brad Crabtree, and/or 3) David Crane—dated at any time over a three-day period (January 24, 2024 through January 26, 2024, inclusive):
>
> Non-email, non-text-message electronic instant messages ("chats"), which messages were sent to, from or which (also) copy or include Ali Zaidi (White House), Jennifer Granholm (Department of Energy), and/or Chris Davis (Department of Energy).

Your request was assigned to DOE's Office of the Secretary, Office of the Under Secretary, and the Office of Fossil Energy & Carbon Management (FECM) to conduct a search of their files for records responsive to your request. DOE started its search started on June 20, 2024, which is the cut-off date for responsive records.

DOE has completed its search and identified two (2) documents responsive to your request.  These documents are being released to you as described in the accompanying index.

Upon review, DOE has determined that certain information should be withheld from the documents pursuant to Exemptions 5 and 6 of the FOIA, 5 U.S.C. §§ 552 (b)(5) and (b)(6).

Exemption 5 protects from mandatory disclosure "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552 (b)(5). Exemption 5 incorporates the deliberative process privilege which protects recommendations, advice, and opinions that are part of the process by which agency

decisions and polices are formulated. The information withheld under Exemption 5 consists of inter/intra-agency pre-decisional, deliberative information.

Some of the information withheld under Exemption 5 has been deemed pre-decisional and deliberative in nature, including pre-decisional discussions among DOE staff. The information is both pre-decisional because it was developed before the agency adopted a final position, and deliberative, in that it reflects the opinions of individuals who were consulted as part of a decision-making process that will lead to the agency's final policy decision about these matters. The DOE may consider these preliminary views as part of the process that will lead to the agency's final decision about these matters. The information does not represent a final agency position, and its release would compromise the deliberative process by which the government makes its decisions. Therefore, portions of the documents are being withheld under Exemption 5 of the FOIA as pre-decisional material that is part of the agency's deliberative process.

With respect to the discretionary disclosure of deliberative information, the quality of agency decisions would be adversely affected if frank, written discussion of policy matters was inhibited by the knowledge that the content of such discussion might be made public. For this reason, DOE has determined that discretionary disclosure of the deliberative material is not in the public interest because foreseeable harm would result from such disclosure.

Exemption 6 is generally referred to as the "personal privacy" exemption; it provides that the disclosure requirements of FOIA do not apply to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). In applying Exemption 6, the DOE considered: 1) whether a significant privacy interest would be invaded; 2) whether the release of the information would further the public interest by shedding light on the operations or activities of the Government; and 3) whether in balancing the privacy interests against the public interest, disclosure would constitute a clearly unwarranted invasion of privacy.

The information withheld under Exemption 6 consists of a private individual's name and email address. This information qualifies as "similar files" because it is information in which an individual has a privacy interest. Moreover, releasing the information could subject the individuals to unwarranted or unsolicited communications. Since no public interest would be served by disclosing this information, and since there is a viable privacy interest that would be threatened by such disclosure, Exemption 6 authorizes withholding the information. Therefore, we have determined that the public interest in the information's release does not outweigh the overriding privacy interests in keeping it confidential.

This satisfies the standard set forth at 5 U.S.C. § 552(a)(8)(A) that agencies shall withhold information under FOIA "only if (I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption…; or (II) disclosure is prohibited by law…". 5 U.S.C. § 552(a)(8)(A) also provides that whenever full disclosure of a record is not possible, agencies shall "consider whether partial disclosure of information is possible…and (II) take reasonable steps necessary to segregate and release nonexempt information." Therefore, we have determined that, in certain instances, a partial disclosure is proper.

Pursuant to 10 C.F.R. § 1004.7(c), I am the individual responsible for the determination to withhold the information described above. The FOIA requires that "any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt." 5 U.S.C. § 552(b). As a result, a redacted version of the documents is being released to you in accordance with 10 C.F.R. §1004.7(c)(3).

This determination, as well as the adequacy of the search, may be appealed within 90 calendar days from your receipt of this letter pursuant to 10 C.F.R. § 1004.8. Appeals should be addressed to Director, Office of Hearings and Appeals, HG-1, L'Enfant Plaza, U.S. Department of Energy, 1000 Independence Avenue, S.W., Washington, D.C. 20585-1615. The written appeal, including the envelope, must clearly indicate that a FOIA appeal is being made. You may also submit your appeal to OHA.filings@hq.doe.gov, including the phrase "Freedom of Information Appeal" in the subject line (this is the preferred method by the Office of Hearings and Appeals). The appeal must contain all of the elements required by 10 C.F.R. § 1004.8, including a copy of the determination letter. Thereafter, judicial review will be available to you in the Federal District Court either: 1) in the district where you reside; 2) where you have your principal place of business; 3) where DOE's records are situated; or 4) in the District of Columbia.

You may contact DOE's FOIA Public Liaison, Alexander Morris, FOIA Officer, Office of Public Information, at FOIA-Central@hq.doe.gov, or by mail at MA-46/Forrestal Building, 1000 Independence Avenue, S.W., Washington, D.C. 20585, for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

The FOIA provides for the assessment of fees for the processing of requests. *See* 5 U.S.C. § 552(a)(4)(A)(i); *see also* 10 C.F.R. § 1004.9(a). In our August 2, 2024, letter, you were advised that your request was placed in the "news media" category for fee purposes and that your request for a fee waiver had been approved. Thus, no fees will be charged for processing your request.

If you have any questions about the processing of the request or this letter, you may contact Susan Plant or me at:

>   MA-46/Forrestal Building
>   1000 Independence Avenue, S.W.
>   Washington, D.C. 20585
>   FOIA-Central@hq.doe.gov

I appreciate the opportunity to assist you with this matter.

Sincerely,

Alexander C. Morris
Digitally signed by Alexander C. Morris
Date: 2024.08.30 11:45:34 -04'00'

Alexander C. Morris
FOIA Officer
Office of Public Information

Enclosures

4

**INDEX**
**Request #: HQ-2024-02254-F**

**Final response to Mr. Joe Thomas:**

> **copies of the below-described records for each of three named custodians—1) David Turk, 2) Brad Crabtree, and/or 3) David Crane—dated at any time over a three-day period (January 24, 2024 through January 26, 2024, inclusive):**
>
> **Non-email, non-text-message electronic instant messages ("chats"), which messages were sent to, from or which (also) copy or include Ali Zaidi (White House), Jennifer Granholm (Department of Energy), and/or Chris Davis (Department of Energy).**

DOE has completed its search and identified two (2) documents equaling two (2) pages responsive to your request.

- One (1) document is *being withheld in part pursuant to Exemptions (b)(5) and (b)(6)*.

- One (1) document is *being released in its entirety*.

Email - HQ-2024-02254-F

## Email Details

| | |
|---|---|
| From Email : | Susan.Plant@hq.doe.gov |
| To Email : | joe@govoversight.org |
| Cc Email : | alexander.morris@hq.doe.gov; todd.butler@hq.doe.gov; jorge.melendez@hq.doe.gov |
| Bcc Email : | |
| Subject : | DOE FOIA Request Number HQ-2024-02254-F, Final Response |
| Date Sent : | 9/3/2024 1:15:37 PM |
| Attachments : | HQ-2024-02254-F - Final Response Letter acm signed.pdf |
| Email Body : | Good afternoon, Mr. Thomas.<br><br>Attached please find the Final Response Letter and documents for your FOIA request, HQ-2024-02254-F.<br><br>Sincerely,<br><br>Susan Plant, FOIA Analyst |