UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GOVERNMENT ACCOUNTABILITY &
OVERSIGHT,

                    Plaintiff,

        v.

UNITED STATES DEPARTMENT OF
ENERGY,

                    Defendant.

Civil Action No. 24-1829 (RDM)

## **MOTION TO STAY**

Defendant Department of Energy, through undersigned counsel, respectfully moves this Court to stay its response to Plaintiff's motion for judgment on the pleadings, pending the Court's decision on Defendant's motion for consolidation. Defendant's deadline to respond to Plaintiff's motion for judgment on the pleadings is September 20, 2024. This is one of eight Freedom of Information Act ("FOIA") lawsuits brought by the same requester against the same agency defendant seeking substantially the same or similar electronic records. On September 13, 2024, the Government filed its motion for consolidation in this case. *See* Def.'s Mot. (ECF No. 12). The Court has ordered Plaintiff to respond to the motion on or before September 27, 2024, and the parties are set to appear for a hearing on October 1, 2024. Judicial economy and conservation of the parties' resources counsel in favor of staying resolution of the motion for judgment on the pleadings until the motion to consolidate is resolved—at which point the parties will be better positioned to propose further proceedings in this lawsuit, if necessary.

Pursuant to Local Civil Rule 7(m), the parties have conferred about the instant motion, and Plaintiff, through counsel, opposes the requested relief.

**BACKGROUND**

Plaintiff flooded this Court with eight separate actions seeking documents and correspondence within the Department of Energy related to a purported 2023 liquefied natural gas ("LNG") export study that Plaintiff claims was buried by senior agency officials to justify a pause of LNG export authorizations ("LNG Pause"):

| | Case No. | File Date | FOIA Request No. / Date Sought Records on LNG Pause | FOIA Claim |
|---|---|---|---|---|
| 1. | 24-1829 (RDM) | June 25, 2024 | HQ-2024-02097-F dated June 7, 2024: Emails and report | Expedited processing |
| 2. | 24-1887 (APM) | June 28, 2024 | HQ-2024-02116-F dated June 11, 2024: Calendar entries | Expedited processing |
| 3. | 24-1926 (JMC) | July 1, 2024 | HQ-2024-02165-F dated June 13, 2024: Text messages | Expedited processing |
| 4. | 24-1957 (RC) | July 3, 2024 | HQ-2024-02254-F dated June 14, 2024: Non-email, non-text message correspondence | Expedited processing |
| 5. | 24-2027 (APM) | July 12, 2024 | HQ-2024-02116-F dated June 11, 2024: Calendar entries | Duty to provide records |
| 6. | 24-2039 (RDM) | July 13, 2024 | HQ-2024-02097-F dated June 7, 2024: Emails and report | Duty to provide records |
| 7. | 24-2099 (RC) | July 17, 2024 | HQ-2024-02254-F dated June 14, 2024: Non-email, non-text message correspondence | Duty to provide records |
| 8. | 24-2077 (JMC) | July 17, 2024 | HQ-2024-02165-F dated June 13, 2024: Text messages | Duty to provide records |

Plaintiff submitted the FOIA request at issue in this lawsuit, Civil Action No. 24-1829, on June 7, 2024, and filed a complaint on June 25, 2024. *See* Compl. (ECF No. 1). Plaintiff submitted the remaining three FOIA requests in the span of a week, between June 11, 2024, and June 14,

2024, and filed the remaining seven lawsuits over approximately three weeks—between June 28, 2024, and July 17, 2024. In each of these lawsuits, Plaintiff waited twenty-three business days or fewer after submitting its FOIA request to the agency before initiating legal action.

## LEGAL STANDARDS

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  A decision on whether to stay a case rests on considerations of "economy of time and effort for [the Court], for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

Among other factors that bear on whether to issue a stay include whether there are "cogent reasons to fear the effects of delay."  18A Arthur Wright et al., *Fed. Prac. & Proc. Juris.* § 4433 (3d ed. Apr. 2022 update); *accord Univ. of Colo. Health at Mem'l Hosp. v. Burwell*, 233 F. Supp. 3d 69, 88 (D.D.C. 2017) (same).  "Indeed, '[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *IBT/HERE Emp. Representatives' Council v. Gate Gourmet Div. Ams.*, 402 F. Supp. 2d 289, 292 (D.D.C. 2005); *see also Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29, 35 (D.D.C. 2004).  Notably, delay itself is not weighty enough to outweigh the harms to the affected agency (the Department of Energy) and the public interest that denying a stay would cause.  *See United States v. Philip Morris Inc.*, 314 F.3d 612, 622 (D.C. Cir. 2003) ("A mere assertion of delay does not constitute substantial harm" for purposes of a motion to stay).

## ARGUMENT

Good cause exists for granting the requested stay here.  The parties filed a Joint Status Report on September 13, 2024. That same day, the Government filed its motion to consolidate

most if not all eight FOIA cases noted above.[1] In that motion, the Government explained the grounds for consolidation of the cases based on the fact that they involve the same subject matter (information about a purported 2023 LNG export study and the alleged "suppression of inconvenient expert analysis"), the same or overlapping groups of custodians, the same defendant agency, the same date range (for three of the four FOIA requests), the same program offices, and the same plaintiff/requester.

Depending on the outcome of that motion, the Government may be spared the time and resources dedicated to preparing separate responsive pleadings in the seven other substantially similar lawsuits. Also, if all cases are consolidated, the Government can submit a single status report that informs both the Plaintiff and the Court on the progress of the processing in each of Plaintiff's related FOIA requests. And should any issues remain in dispute between the parties on the Government's responses to Plaintiff's FOIA requests, those issues can be resolved through a single briefing schedule on summary judgment—as opposed to upwards of eight different summary judgment briefings if the cases are not consolidated, or multiple rounds of motions for judgment on the pleadings. Another judge in this District recently agreed and stayed the Government's response deadline in two related actions pending the outcome of consolidation. *See Government Accountability & Oversight v. Department of Energy*, Civ. A. No. 24-1926 (JMC) (D.D.C. Sept. 16, 2024, Min. Order) ("Having considered the motion, and for good cause shown, the Court GRANTS the motion over Plaintiff's objection. Defendant has filed a motion to consolidate several related FOIA cases, including this one, in No. 24-CV-1829. 'The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket,'

---

[1]     Even if the Court is not inclined to consolidate all eight lawsuits, Defendant intends to alternatively move for consolidation of a subset of the remaining cases.

*Clinton v. Jones*, 520 U.S. 681, 706 (1997), including 'to enter a stay of an action... pending resolution of independent proceedings which bear upon the case,' *IBT/HERE Emp. Representatives' Council v. Gate Gourmet Div. Americas*, 402 F. Supp. 2d 289 (D.D.C. 2005). The Court therefore finds it appropriate to stay all deadlines in this matter, pending resolution of Defendant's motion for consolidation in 24-CV-1829."); *see also Government Accountability & Oversight v. Department of Energy*, Civ. A. No. 24-2077 (JMC) (D.D.C. Sept. 16, 2024, Min. Order) (same).

Moreover, Plaintiff has filed substantially similar motions for judgment on the pleadings in both this action (ECF No. 10) as well another case, Civil Action No. 24-1887 (APM) (ECF No. 11). Both actions are premised on Plaintiff's denial of expedited processing. Accordingly, a stay in this matter will allow the parties to brief the issue of consolidation before resolution of the pending motion for judgment on the pleadings and allow the Court to rule on the merits of that request before proceeding further across eight related lawsuits. It will also conserve resources because if consolidated, it would allow one jurist as opposed to multiple, to render a decision on the merits of Plaintiff's motion for judgment on the pleadings, which will ensure consistency and conserve judicial resources. At present, the parties have a status conference scheduled in this case on October 1, 2024, at which point the Court may be poised to render a determination on the merits of the Government's motion for consolidation. If the Court declines to consolidate the actions, the Court can set a deadline for Defendant's response to the motion for judgment on the pleadings at that time, thus negating any extended delay Plaintiff may claim to suffer in light of this request to stay.

Indeed, any delay that may result from granting a stay does not counsel against a stay here. As the D.C. Circuit has noted, "[a] mere assertion of delay does not constitute substantial harm"

for purposes of a motion to stay.  To the contrary, permitting the Court in this action (the "lead" case) to consider fully the issue of consolidation will conserve both the Court and the parties' resources before each of the eight related lawsuits advance too far down eight separate paths.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this Court grant the instant motion and stay Defendant's response to Plaintiff's motion for judgment on the pleadings. Defendant further respectfully requests that this Court order that the parties submit a Joint Status Report within twenty-eight days of resolution of the motion to consolidate to propose further proceedings, if necessary.  A proposed order is enclosed.

Dated: September 17, 2024
Washington, D.C.

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:  */s/ Brenda González Horowitz*
BRENDA GONZÁLEZ HOROWITZ
D.C. Bar No. 1017243
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2512
brenda.gonzalez.horowitz@usdoj.gov

*Attorneys for the United States of America*

- 6 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOVERNMENT ACCOUNTABILITY & OVERSIGHT, | |
| Plaintiff, | |
| v. | Civil Action No. 24-1829 (RDM) |
| UNITED STATES DEPARTMENT OF ENERGY, | |
| Defendant. | |

### [PROPOSED] ORDER

UPON CONSIDERATION of Defendant's Motion to Stay, any opposition and replies thereto, and the entire record herein, it is hereby

ORDERED that Defendant's Motion is GRANTED,

ORDERED that this case remains STAYED; and it is further

ORDERED that the Parties shall submit a Joint Status Report within 28 days of the resolution of the Government's motion to consolidate and to propose further proceedings, if necessary.

SO ORDERED:


_____                    _____
Date                                RANDOLPH D. MOSS
                                    United States District Judge