**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GOVERNMENT ACCOUNTABILITY          )
& OVERSIGHT                        )
                                   )
            Plaintiff,             )
      v.                           )          Civil Case No. 1:24-cv-1829 (RDM)
                                   )
DEPARTMENT OF ENERGY               )
                                   )
            Defendant.             )


<u>**Plaintiff's Opposition to Consolidation**</u>

NOW COMES Plaintiff Government Accountability & Oversight ("GAO"), and opposes the

Defendant's Motion to Consolidate. ECF No. 12. In opposition, Plaintiff states as follows:

**I.       Introduction**

Defendant seeks to consolidate this matter with seven other matters (Case Nos. 24-1887

(APM), 24-1926 (JMC), 24-1957 (RC), 24-2027 (APM), 24-2039 (RDM), 24-2077 (JMC), 24-

2099 (RC)) on two ostensible grounds: First, the Defendant asserts that the eight separate FOIA

actions involve common issues of fact and law. ECF No. 12 at 4-6. Second, the Defendant

asserts that the eight separate FOIA actions should be consolidated to "Avoid[] Unnecessary

Duplication of Litigation and Unnecessary Congestion of the Court's Dockets." *Id.* at 6 *et seq*.

The position that the Government has taken in this matter seeks to effectively deprive the

Plaintiff of any right to relief arising from its statutory right to expedited processing, which is the

sole issue in this matter. This is so because the Government seeks to consolidate this action

seeking statutory relief for expedited processing of Plaintiff's request with separate actions

seeking expedited processing of three distinct requests, and four other actions challenging the

government's response on the merits of each of the four requests (as yet unripe in three of four

cases). Further the Government seeks to delay briefing on any issue until the merits cases are ripe and any relief in the form of expedited processing is mooted due to this engineered delay.

Plaintiff suggests that the true purpose of the Government's motion is not to consolidate cases in an effort to avoid duplicative efforts, but is instead to join cases which are ripe for judgment with cases which are not ripe for judgment and, based on the record of non-production to date, will not be ripe for judgment for many months, in an effort to run out the clock such that Plaintiff's claims for expedited processing will never be adjudicated by this Court and will be effectively denied. Nevertheless, even taking the Government at its word, there is also no basis to believe that consolidation would actually avoid duplication of litigation or resolve any congestion on this Court's docket. This Court should therefore deny the Government's motion both because it is based upon a false premise and because of its improper purpose, and should ensure that this case and all others remain on a speedy and efficient track towards a resolution on their disparate merits.

## II.      Standard of Review

Fed. R. Civ. P. 42 governs consolidation. The rule provides that "If actions before the court involve a common question of law or fact, the court *may*" take one of various actions, one of which is to order that the matters be consolidated. *Id*. (*emphasis added*). Once, and only if, the threshold of common questions of law or facts is established, Fed. R. Civ. P. 42 is discretionary for the Court both in terms of whether any action at all is taken, and in terms of what sort of action is taken.

In exercising its discretion, this Court will "weigh considerations of convenience and economy against considerations of confusion and prejudice." *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003). Consolidation may be appropriate where the actions "when the actions

... arise from the same series of events or facts." *Blasko v. Washington Metro. Area Transit Auth.*, 243 F.R.D. 13, 15 (D.D.C. 2007) (citations omitted), but multiple FOIA requests do not constitute a single event or transaction within the meaning of Fed. R. Civ. P. 42 and this Court has previously expressed its frustration with managing litigation that involves multiple FOIA requests as Defendant's motion in this case seeks to engineer. In *Wash. Lawyers' Comm. for C.R. & Urb. Affairs v. United States DOJ*, Civil Action No. 23-1328, 2024 U.S. Dist. LEXIS 41540, at *42 (D.D.C. Mar. 10, 2024), this Court was forced to sever litigation involving multiple FOIA requests into separate actions pursuant to Fed. R. Civ. P. 21. In that case, the Court noted that litigation involving multiple requests is "unwieldy" and results in "piecemeal litigation." *Id.* In *Am. Oversight v. United States HHS*, No. 1:20-cv-00947 (TNM), 2020 U.S. Dist. LEXIS 111898, at *3 (D.D.C. June 25, 2020), HHS sought to consolidate numerous FOIA cases on the grounds that the requests all implicated records relating to the same topic: COVID-19. But the Court noted that consolidation is not an all or nothing proposition and analyzed the commonalities between each individual case for which the Government sought consolidation. And the Court expressly noted that where "the scope of the request was different" consolidation would be inappropriate. *Id.* Similarly, the Court noted that when "two cases are unlikely to present many overlapping documents," consolidation would similarly be inappropriate. *Id.*

## III.    Argument

This Court should reject the Government's attempt to consolidate this case with other cases for two reasons:

First, the Government's Motion to Consolidate is a thinly disguised attempt to forever deny Plaintiff its day in Court on the sole issue in this matter, its statutory opportunity to prove its entitlement to expedited processing of one particular FOIA request. Congress created a special

statutory entitlement to expedited processing and to judicial review of agency denial of expedited processing, ensuring that Plaintiffs who are denied their right to receive records on an expedited basis are able to swiftly challenge the Government in court. But the Government seeks in this case to entirely deny the Plaintiff its right to speedy processing of its FOIA request and also its right to speedy judicial review of the agency's failure to grant such a speedy response, by virtue of consolidating multiple of Plaintiff's FOIA requests seeking disparate classes of records and multiple forms of relief into one omnibus FOIA case that will not be ripe for disposition until months or even years have passed.

Second, the Defendant is simply incorrect to assert that consolidation in this case is necessary or beneficial: Notwithstanding the Government's conclusory assertions in its briefing, ECF No. 12, or the declaration it has submitted from its FOIA officer (Alexander C. Morris), ECF No. 12-1, that the FOIA requests at issue seek records relating to the same general topic, the Government has not shown that there is any overlap between the records sought by the Plaintiff in different requests. The presence or absence of any overlap between the records sought is dispositive when the Government seeks consolidation of various FOIA matters, as at least two other judges of this Court have recently recognized. *Power the Future v. Department of State*, Case No. 1:24-cv-465, Minute Order Dated August 21, 2024 ("while the other requests involve a single government official's records, they seek different types of records -- text messages, chats, and calendar entries… If the Court had been informed that the various requests for Ms. Biniaz's records overlapped with those its case, it might conclude that it would be appropriate to treat those cases as related to this one. But given the record before it, the Court finds the cases identified in defendant's notice to be unrelated to this case, and it is not apparent that they would benefit from consolidation."), *Power the Future v. Department of State*, Case No. 1:24-2078

("the [Government's] single custodian argument was rejected by Judge Walton…"). The cases Defendant seeks to consolidate with this one involve requests seeking different types of records — text messages, chats, emails and a specifically described report — and are not all inherently limited to the same custodian(s). In the absence of any showing that the records at issue in this case and the records at issue in the other cases overlap, there is no possible benefit from consolidation of the Plaintiff's various cases.

### A) The Government Seeks to Deprive Plaintiff of its Right to Expedited Processing by Delaying this Case.

The first reason this Court should deny consolidation is because the Government is attempting to use consolidation as a Trojan Horse. Under the guise of a simple scheduling order or an effort to improve the efficiency of this Court's adjudications, this latest effort by the Government to delay this matter (and others) reflects a plan that is much more insidious: a complete repudiation of the Plaintiff's rights to judicial review of its request for expedited processing under 5 U.S.C. § 552 (a)(6)(E)(ii).

"FOIA directs agencies to process expedited requests 'as soon as practicable,'" *Am. Immigration Council v. United States Dep't of Homeland Sec.*, 470 F. Supp. 3d 32, 36I (D.D.C. 2020), citing 5 U.S.C. § 552(a)(6)(E)(ii). The Complaint in this case does not seek a fulsome determination with respect to all aspects of Plaintiff's FOIA request; instead it seeks only the statutory judicial review available when an agency has refused to process a request on an expedited basis. ECF No. 1 at 1, ¶ 1, 1 at 2, ¶ 7, 1 at 5, ¶ 19 *et seq*. Under the express statutory scheme which Congress enacted, and which the agency has implemented with the regulations codified at 10 CFR § 1004.5 (d)(6), the Government has *only* ten working days to determine whether to process a request "out of order" or on an "expedited" basis. If an agency denies the

request to process a FOIA request on an expedited basis or "out of order," judicial review is immediately available without the need for any administrative proceedings and is based only upon the record before the agency "at the time of the determination." which in this case consists solely of the request itself. ECF No. 10 at 6, citing 5 U.S.C. § 552(a)(6)(E)(ii).

Congress created a statute that allows – and, in certain circumstances, requires – the Defendant to "expedite" the Plaintiff's FOIA request. In that same statute, Congress also provided for expedited judicial review of any denial of expedited treatment and dispensed with the ordinary time-consuming process of administrative appeals. *ACLU v. United States DOJ*, 321 F. Supp. 2d 24, 28 (D.D.C. 2004) (administrative appeals are "not a prerequisite" for judicial review of denials of expedited processing). The harm from engineering delays in FOIA cases impacts only the Plaintiff and its right to access Government documents and is effectively a denial of access (and thus a Government victory). As the D.C Circuit remarked in *Rohr Indus., Inc. v. Wash. Metro. Area Transit Auth.*, 232 U.S. App. D.C. 92, 720 F.2d 1319, 1327 (D.C. Cir. 1983) (internal citation omitted), "Justice delayed is justice denied." As this Court recognized in the context of FOIA, the "failure to process FOIA requests in a timely fashion is 'tantamount to denial.'" *See, e.g.*, *Wash. Post v. Dept. of Homeland Sec.*, 459 F. Supp. 2d 61, 74 (D.D.C. 2006) (internal citation and quotation omitted); *see also Payne Enters. v. United States*, 837 F.2d 486, 494, 267 U.S. App. D.C. 63 (D.C. Cir. 1988) ("stale information is of little value").

Because Congress enacted a statute that expressly provides for the Plaintiff to demonstrate its entitlement to expedited processing first to the agency and then to a Court on a very swift basis, this case is already ripe for a determination on its merits. Indeed, because the content of the

agency record (the Plaintiff's FOIA request itself[1]) is not at all disputed in this case and because the statute provides for this Court to review the agency's adverse determination on the issue of expedited processing *de novo* based purely upon the FOIA request itself, the Plaintiff has already filed a Motion for Judgment on the Pleadings in this case. ECF No. 10.

Consolidation of this case involving expedited processing with other cases involving the full merits of FOIA requests, including three FOIA requests for different records entirely, can only delay the adjudication of this case and deprive the Plaintiff of its right to prove its entitlement to expedited processing as to the request at issue in this case. As the Government indicates in its Declaration filed at ECF No. 12-1, the Government has completed its search for records at issue in this case. *Id*. at 3, ¶ 8. The search for records in three of the four "merits" cases are not yet complete, *Id*. at 3, ¶ 10 ("responsiveness review is ongoing), ¶ 12 (one custodian's records have not yet been searched), or have resulted in substantive disputes. ECF No. 12-6 (in response to the one request it has processed, the Government has withheld one record in its entirety and one record in part).

The Government seeks to consolidate four separate FOIA requests involving different types of records, and 8 separate cases involving different types of relief (expedited processing in 1829, 1887, 1926, and 1957; the merits of a FOIA response, or lack thereof, in 2027, 2039, 2077 and 2099). The practical effect of such a consolidation – or at least, the only way any briefing can be avoided or reduced, which the Government professes is its goal – can only be to prevent the filing of dispositive motions in *any* case until all such motions in *every* case are ripe. Because

---

[1] *Energy Policy Advocates v. United States DOI*, Civil Action No. 21-1247 (JEB), 2021 U.S. Dist. LEXIS 180480, at *7 (D.D.C. Sep. 22, 2021) ("As in other expedited-processing cases, the relevant portion of '[the agency] record consists solely of the FOIA Requests themselves'"), citing and quoting *Allied Progress v. Consumer Fin. Prot. Bureau*, Civil Action No. 17-686 (CKK), 2017 U.S. Dist. LEXIS 67889, at *12 (D.D.C. May 4, 2017).

four of the Plaintiff's cases seek relief in the form of an order requiring the agency to process records on an expedited basis, and because the Government effectively seeks to prevent Plaintiff from obtaining any relief on that issue until all records have been processed at the Government's preferred rate, the Government's consolidation motion is a thinly disguised effort to deprive Plaintiff of its day in court on the issue of expedited processing. It is therefore highly prejudicial to the Plaintiff on the merits of half the claims at issue, and consolidation would effectively grant the Government a *de facto* victory on the expedited processing claims.

**B)  The Cases are Unrelated and Plaintiff Seeks Different Classes of Records in Each. Consolidation is Therefore Inappropriate.**

Fed. R. Civ. P. 42 (a) permits, but does not require, the consolidation of actions that "involve a common question of law or fact." As relevant here, the Department of Energy claims that the common issue of fact is the "pause" of LNG exports that it previously undertook before a sister U.S. District Court enjoined its unlawful behavior. ECF No. 12 at 9, n. 3. But the Government candidly concedes that separate custodians and classes of records are at issue in the various cases. ECF No. 12-1 at 8, ¶ 26 (Brad Crabtree, custodian), *Id*. at 9, ¶ 27 (David Turk, custodian), Id. at ¶ 28 (David Crane, custodian). *Cf.* ECF Nos. 12-2 at 1 (seeking a particular LNG study and any email transmitting that particular study), 12-3 at 1 (seeking calendar invitations), 12-4 (seeking text messages), 12-5 (seeking "chats").[2] It is impossible to imagine how these disparate

---

[2] In support of claiming a relation between the cases which does not exist, Defendant states, at ECF No. 12-1 that "custodian, Brad Crabtree [] is also the subject of all four FOIA requests" (¶26), "custodian, David Turk [] is also the subject of all four FOIA requests" (¶27), "custodian, David Crane [] is also the subject of all four FOIA requests" (¶28), and that the four requests "all concern the same subject matter (¶24). This is unsupportable on its face given one request, the one at issue here, sought the described 2023 report and *any* emails transmitting it (with likely custodians suggested, without limitation), another request sought 2024 emails and calendar invitations of three named custodians that also include as parties one or more of two named

types of records could ever "overlap," such that the Government might be exposed to inconsistent rulings on the part of various district judges if the cases are not consolidated. After all, a text message will never be responsive to a request seeking an email, and an email will never be responsive to a message seeking a chat, a text message, or a calendar invitation.

The general "topic" of information sought (rather than the information itself or the content of the Plaintiff's specific request) is amorphous, but is also irrelevant for purposes of FOIA beyond the public interest argument for fee waiver. Here, Plaintiff has alleged that the Government enacted a "pause" on LNG exports on a faulty premise, when the Government had in fact already conducted a study and sought to suppress or ignore the results of that study. ECF No. 12 at 9. But although the Government spills much ink regarding Plaintiff's motives for seeking the records at issue or what Plaintiff believes the records might show, "a requester's motive is irrelevant" in a FOIA case. *Khan v. U.S. Dep't of Homeland Sec*., Civil Action No. 22-2480 (TJK), 2023 U.S. Dist. LEXIS 170712, at *23 (D.D.C. Sep. 25, 2023). Indeed, the belief by either party as to what the records might ultimately show is so irrelevant that allegations relating to underlying government actions or policies may be stricken. *Id*., citing *Doe v. Benoit*, No. 19-cv-1253 (DLF), 2020 U.S. Dist. LEXIS 259477, 2020 WL 11885578, at *7 (D.D.C. June 29, 2020).

By the Government's standard, all FOIA cases will always be related and should always be consolidated. After all, in every FOIA case that any plaintiff files against the Government, there will be a central question of fact or law of whether an agency can carry its burden of proof by way of a declaration. *Knight First Amendment Inst. at Columbia Univ. v. CIA*, 454 U.S. App.

---

Department officials and/or one named White House official, with no keyword or subject matter parameters. It is inconceivable that these records at issue in separate cases overlap with one another given the difference between the type of records and the search involved, just as Judge Jackson explained in her recent minute order in Case No 1:24-cv-465.

D.C. 218, 226, 11 F.4th 810, 817 (2021) (collecting cases for the proposition that agencies carry their burden of proof in FOIA cases with declarations). And the Government does not explain in this case that it has actually made any determination to withhold any particular document or even category of documents, or found that any documents are responsive to multiple requests or multiple cases. Indeed, the Government professes at ECF No 12-1 that it continues to search for records and that the only commonality between various requests appears to be certain custodians. The Complaint in this matter was filed based on the Government's failure to provide *any* determination or otherwise to substantively respond to Plaintiff's FOIA request *at all*, even the portion of the request that sought expedited processing. ECF No. 1 ¶¶ 7-9 and 23-25. Against this backdrop, it is puzzling how the Government can assert that the records in this case will overlap with one another, or even that the responsive records themselves ultimately relate to any particular (if for these purposes irrelevant) subject matter.

The FOIA request at issue in this case (Case No. 1:24-cv-1829) involved a described 2023 study, of the sort that DoE has previously produced with some regularity, and any email transmitting that study. Plaintiff sought expedited processing of that very simple request, which the Government acknowledged receiving, such that this case is already ripe for judgment on the pleadings. ECF No. 10. By contrast, three (and, if Defendant has its way, four) of the remaining cases which the Government seeks to consolidate with this case will not be ripe for a disposition for months or years because they relate to the merits of FOIA requests the Government has effectively ignored (i.e., refused after more than three months to even provide the required "*CREW* response"[3]) (Case Nos. 24-2027, 2039, 2077, and 2099), and in at least two of those

---

[3] *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013) (defining a "determination" and stating that records will ordinarily follow a determination in "days or a few weeks, not months or years.").

requests the Government has not even completed its search for records.  ECF No. 12-1. Although this Court undisputably has the power to "supervise" the Government's full compliance with FOIA with respect to the Plaintiff's requests on their merits, *Democracy Project, Inc. v. United States DOD*, 263 F. Supp. 3d 293, 302 (D.D.C. 2017) (Once FOIA's deadlines have passed, "the agency may continue to process the request, and the court… will supervise the agency's ongoing progress, ensuring that the agency continues to exercise due diligence in processing the request."), the supervisory process may take years. Indeed, this Court has recently allowed agencies in non-expedited FOIA cases to process FOIA requests at a rate of 500 pages per month. *Am. Oversight v. Dep't of Homeland Sec.*, No. 1:21-cv-3030 (TNM), 2024 U.S. Dist. LEXIS 42721, at *3 (D.D.C. Feb. 14, 2024). Because the Government has not even posited how many records or pages might be at issue in at least three of the Plaintiff's FOIA requests, neither the parties nor the Court can estimate when Case Nos. 24-2027, 24-2039, and 24-2077 might be ripe for judgment.[4] Defendant has so far not revealed what issue or issues might arise in the "merits" cases that might require an adjudication by this Court in the exercise of its plenary power to supervise the Government. By contrast, it is quite clear what issue is in play in this case, as set forth more fully in the Plaintiff's Motion for Judgment on the Pleadings. ECF Nos. 10.

   Although the Government seeks to engineer precisely the complexity and inefficiencies that Plaintiff has taken pains to avoid by keeping separate suits based on separate causes of action and separate FOIA requests separate, this Court has previously criticized plaintiffs who join multiple FOIA requests into one civil action, stating that the resulting complaint is often "unwieldy" and

---

[4] It appears that the Government concedes that Case No. 2099 is ripe for dispositive briefing at the present time. ECF No. 12-1 at 4, ¶ 14.

results in "piecemeal litigation." *Wash. Lawyers' Comm. for C.R. & Urb. Affairs v. United States DOJ*, Civil Action No. 23-1328, 2024 U.S. Dist. LEXIS 41540, at *42 (D.D.C. Mar. 10, 2024) (severing multiple requests into separate actions pursuant to Fed. R. Civ. P. 21). That concern is particularly acute here, where the only commonality between the requests is the name of the requester and the agency Defendant, and requests are otherwise distinct.[5]

Other than Defendant's serial and ongoing failure to even provide the required (within twenty working days of, e.g., here May 30, 2024) basic "*CREW* response" of the number of potentially responsive records in any of the multiple FOIA requests it claims are related, the only common "fact" that the Government points to is that the FOIA requests at issue all involved the same Plaintiff and sought records generally related to an allegedly suppressed LNG study. But it is not surprising that one agency might receive multiple FOIA requests from the same Plaintiff (indeed, *Wash. Lawyers' Comm. for C.R. & Urb. Affairs* involved the same plaintiff – a group of lawyers – submitting multiple but disparate requests to DOJ). Nor is it surprising that particularly high-ranking custodians in controversial posts often face multiple Freedom of Information Act requests for different classes of their own records. Nor is it in any way unusual for an agency to face multiple FOIA requests relevant to a particular topic garnering intense media attention: this Court recognized in *Daily Caller v. United States Dep't. of State*, 152 F. Supp. 3d 1, 3 (D.D.C. 2015) that numerous requests were filed seeking Hillary Clinton's emails, but the mere fact that a single high-profile custodian engaged in highly controversial activities and subject to media scrutiny was at issue in all of those requests did not lead to the resulting civil actions being consolidated. Similarly, in *Rich v. United States Citizenship & Immigration Servs.*, No. C20-0813JLR, 2020 U.S. Dist.

---

[5] The Government appears to concede that the administrative record as between different FOIA requests is also distinct on both the issue of expedited processing and the issue of fee waiver. ECF No. 12-1 at 7, ¶ 17, ¶ 23.

LEXIS 239968, at *2 (W.D. Wash. Dec. 21, 2020), the court noted that USCIS was facing thousands of "similar FOIA requests." As far back as 1991, one federal agency noted that it was receiving numerous requests for particularly important documents and went so far as to place the documents on microfiche to enable copies to be made more quickly. *Coal. for Alts. in Nutrition & Healthcare, Inc. v. Food & Drug Admin.*, Civil Action No. 90-1025, 1991 U.S. Dist. LEXIS 71, at *3 (Jan. 4, 1991). The Government did not suggest in any of those matters that all FOIA requests for records that happen to be in the custody of the agency or even the same high-profile custodian, or relate in some general matter to the same topic, regardless of type of media, regardless of date, and regardless of the administrative record, are subject to consolidation. Nor did the Government propose that consolidation would lead to any efficiency.

The Government has shown no reason that these cases should be consolidated merely because the same controversial topic – the now-enjoined LNG pause – might be illuminated by the underlying records the Government has failed to release and in two cases even internally identify. The ultimate issue in each of the Plaintiff's "merits cases" – whether the Government can justify its withholdings – is going to require a declaration from the agency, but the ultimate issue in the "expedited processing" cases is limited to the request itself. ECF No. 10 at 6. The agency thus has not established that a single issue is in play with respect to these 8 separate cases, and at best has indicated that the same burden of proof governs two sets of four cases each (Plaintiff carries the burden to demonstrate entitlement to expedited processing; Defendant carries the burden to justify any eventual decision to withhold records). If sharing a burden of proof renders cases fit for consolidation, however, there will be no end to the consolidations this Court will face in the years to come.

Even as to the underlying "merits" FOIA cases, the Government illustrates the differences between the cases in its own declaration. As to one (24-2099), the Government has decided to withhold one document in full and one in part. ECF No. 12-6. As to three others (Case Nos. 24-2039, 24-2027, and 24-2077), it fails to indicate that it has made a decision to withhold any documents or category of documents (or why), such that any speculation as to whether the Government's eventual proof will demonstrate similar or overlapping facts is baseless. Nor does the agency overcome the implausibility of the notion that the records these disparate searches return will be overlapping. In short, the Government has established no basis to believe that any of these cases have substantial (if any) overlap in terms of their facts and procedural posture to merit consolidation, let alone that all 8 cases have such similarities.

### IV.  Conclusion

This Court should deny the Government's Motion to Consolidate.

Respectfully submitted this 24th day of September, 2024

Government Accountability & Oversight
By Counsel:


/s/Matthew D. Hardin
Matthew D. Hardin, D.C. Bar # 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com