UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOVERNMENT ACCOUNTABILITY & OVERSIGHT,<br><br>     Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF ENERGY,<br><br>     Defendant. | Civil Action No. 24-1829 (RDM) |

## **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY**

  Defendant U.S. Department of Energy ("Defendant" or "DOE"), by and through respective counsel, submits this reply in support of its Motion to Stay, filed on September 17, 2024. ECF No. 15. On September 6, 2024, Plaintiff Government Accountability & Oversight's ("GAO") filed its Motion for Judgment on the Pleadings. ECF No. 10. On September 17, 2024, Defendant filed a motion to stay its response to Plaintiff's motion for judgment on the pleadings,[1] ECF No. 15, and on September 19, 2024, Plaintiff filed a response in opposition, ECF No. 16.

  Good cause warrants granting Defendants a limited stay until the motion for consolidation has been addressed. First, a stay is warranted because Plaintiff's Motions for Judgment on the Pleadings in both this action and Civil Action No. 24-1887 are virtually identical. *Compare* Mot. for J. on Pleadings, Civ. A No. 24-1829 (RDM) (relating to FOIA Request No. HQ-2024-02097-F), ECF No. 10 at 9–18, *with* Mot. for J. on Pleadings, Civ. A No. 24-1887 (APM) (relating to FOIA Request No. HQ-2024-02116-F), ECF No. 11 at 10–19 (both arguing Plaintiff's role in

---

[1]   On September 18, 2024, this Court stayed Defendant's obligation to respond to Plaintiff's motion pending further order of the Court.

disseminating information, the public interest in the LNG pause, the requests' connection to government activity, and the need for the public to engage in "ongoing and intense debate"). Moreover, Plaintiff's justifications for expedited processing in each of its four FOIA requests underlying the 8 cases for which Defendant is requesting consolidation are based on the same premise: that DOE allegedly "produced a LNG export study in 2023 which senior political officials then buried, keeping it from the public's view as the current administration sought to engineer a 'pause' of liquified natural gas (LNG) exports, which it did as part of a major media rollout in January 2024."[2] *See* ECF No. 12-2 at 3 (FOIA Request No. HQ-2024-02097-F); ECF No. 12-3 at 2–3 (FOIA Request No. HQ-2024-02116-F); ECF No. 12-4 at 2 (FOIA Request No. HQ-2024-02165-F); ECF No. 12-5 at 3 (FOIA Request No. HQ-2024-02254-F); ECF No. 15 at 4–6 (Declaration of Alexander C. Morris). Consequently, Defendant's arguments related to Plaintiff's entitlement to expedited processing will be substantially similar, if not identical. Depending on the outcome of the motion for consolidation, the Court and the parties may be spared the time and resources dedicated to preparing and reviewing separate responses in opposition to, and replies in support of, the pending motions for judgment on the pleadings.

Second, a stay is warranted because a short stay of Defendant's response to Plaintiff's motion for judgment on the pleadings will not cause Plaintiff any harm. Even if Plaintiff were entitled to expedited processing (which Defendant asserts is not the case), Plaintiff would only be entitled to have its request "process[ed] as soon as practicable." 5 U.S.C. § 552(a)(6)(E)(iii);

---

[2] Notably, two judges in this District have already stayed three related actions pending the outcome of consolidation; including two cases based on Plaintiff's requests for expedited processing predicated on this premise. *See* Civ. A. No. 24-1926 (JMC) (D.D.C. Sept. 16, 2024, Min. Order) (expedited processing case based on FOIA Request No. HQ- 2024-02165-F); Civ. A. No. 24-1957 (RC) (D.D.C. Sept. 23, 2024 Min. Order) (expedited processing case based on FOIA Request No. HQ-2024-02254-F); Civ. A. No. 24-2077 (JMC) (D.D.C. Sept. 16, 2024, Min. Order) (duty to provide records case based on FOIA Request No. HQ- 2024-02165-F).

*Navistar, Inc. v. U.S. E.P.A.*, No. 11-CV-449 RLW, 2011 WL 3743732, at *4 (D.D.C. Aug. 25, 2011). Defendant has already represented that the search for Plaintiff's request is complete, that DOE is "currently in the process of conducting a responsiveness review of the pages," and that "it is working diligently on processing" Plaintiff's FOIA request. ECF No. 13 at 1–2. While FOIA provides that Plaintiff's request will be processed as soon as practicable, that does not mean immediately, and it does not mean today. In sum, a short stay of proceedings to determine the Court's position on consolidation will ensure conservation of resources for both the parties and the Court.

Accordingly, Defendant respectfully requests that this Court grant the limited stay requested in Defendant's Motion to Stay and stay Defendant's response to Plaintiff's motion for judgment on the pleadings.

Dated: September 26, 2024           Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:    /s/ *Brenda González Horowitz*
BRENDA GONZÁLEZ HOROWITZ,
D.C. Bar No. 1017243
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2512
Brenda.Gonzalez.Horowitz@usdoj.gov

*Attorneys for the United States of America*