UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOVERNMENT ACCOUNTABILITY & OVERSIGHT, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF ENERGY, <br><br> Defendant. | Civil Action No. 24-1829 (RDM) <br> [First Filed Case] |
| GOVERNMENT ACCOUNTABILITY & OVERSIGHT, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF ENERGY, <br><br> Defendant. | Civil Action Nos. <br> 24-1887 (APM) <br> 24-1926 (JMC) <br> 24-1957 (RC) <br> 24-2027 (APM) <br> 24-2039 (RDM) <br> 24-2077 (JMC) <br> 24-2099 (RC) |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO CONSOLIDATE**

Plaintiff cannot gloss over the common issues of fact and law among its four Freedom of Information Act ("FOIA") requests at issue in its eight lawsuits. Plaintiff's four FOIA requests seek the same set of records from Defendant Department of Energy (the "Department"): documents and communications about a study and a pause of liquified natural gas exports ("LNG pause"). The Department attests that it has conducted searches for responsive records across the same three departments within the agency in response to all four requests. Indeed, the face of the four requests identifies overlapping custodians of responsive records. Plaintiff submitted

substantially the same justifications for its requests for both expedited processing and a fee waiver for all four requests. Accordingly, the Department has attested that it expects to present common defenses supporting its searches, withholdings, and fee waiver and expedited processing determinations for all four requests.

Given these commonalities, there is no reason for these eight lawsuits to proceed on eight different tracks. Plaintiff's concerns about processing delays from having to consolidate these eight cases are unfounded. The Department has already made its final release to one of the requests. And the Department attested that three of the four searches were complete. Moreover, since the Department's Motion to Consolidate ("Motion," or "Mot.," ECF No. 12) filed two weeks ago, the Department completed its final search. Any additional complaints of minor delay from litigating this consolidation issue are ultimately a product of Plaintiff's own litigation choices and do not outweigh the significant judicial economy of deciding the common issues of fact and law at once to avoid the risk of inconsistent rulings.

## ARGUMENT

## I.      The Eight FOIA Actions Involve Common Issues of Fact and Law.

Plaintiff fails to demonstrate that there are no common issues of fact and law among its eight lawsuits. To start, Plaintiff's characterization of its eight cases as "separate" or "[u]nrelated" is misleading. *See* Opp'n to Def.'s Mot. at 1, 7-8, 11, 13 ("Opposition," or "Opp.," ECF No. 17). Plaintiff conveniently omits from its Opposition that Plaintiff filed four notices of relatedness representing to four different jurists of this District that the case seeking expedited processing for each request involves "common issues of fact" as its companion case seeking the records for that same request. *See* Pl.'s Not., Civ. A. No. 24-2039 (RDM), ECF No. 2; Pl.'s Not., Civ. A. No. 24-2027 (APM), ECF No. 3; Pl.'s Not., Civ. A. No. 24-2077 (JMC), ECF No. 2; Pl.'s Not., Civ. A. No. 24-2099 (RC), ECF No. 2. In this way, the starting point for the Court's consideration is not

whether its eight cases are "separate" or "unrelated" as Plaintiff asserts, but whether its four pairs of cases, or the four FOIA requests which are the subject of those pairs, involve common issues of fact and law. They do.

First, Plaintiff fails to acknowledge that Plaintiff filed two substantively similar motions for judgment on the pleadings to support its expedited processing requests for two of the FOIA requests. Plaintiff complains that litigating this consolidation issue will delay consideration of those two motions. *See* Opp. at 5-8, 10-11. But this argument fails to address why these two motions should not otherwise be addressed together in one lawsuit. Plaintiff has presented substantively the same factual and legal arguments in both motions. In both motions, Plaintiff presents evidence of its role in disseminating information, presents the same arguments about the public interest in the LNG pause and its connection to government activity, and points to the need for the public to engage in "ongoing and intense debate." *See* Mot. for J. on Pleadings, Civ. A No. 24-1829 (RDM), ECF No. 10 at 9-18; Mot. for J. on Pleadings, Civ. A No. 24-1887 (APM), ECF No. 11 at 10-19. Indeed, on the face of its own four FOIA requests, Plaintiff also presented substantively the same arguments for expedited processing. *Compare* Morris Decl. Ex. A (ECF No. 12-2 at 2-3), *with id.* Ex. B (ECF No. 12-3 at 2-3), *id.* Ex. C (ECF No. 12-4 at 2-3), *and id.* Ex. D (ECF No. 12-5 at 2-4). Morris Decl. ¶¶ 15-17, ECF No. 12-1 at 4-7. Plaintiff has also admitted that at least three of the cases involving expedited processing involve "overlapping issues of law." *See* Pl.'s Opp'n to Def.'s Mot. to Stay, Civ. A. No. 24-2039 (RDM), ECF No. 10 at 6-7.

Second, Plaintiff's assertion that its motive for seeking records has no bearing on the commonalities among its four requests aside from its fee waiver request is unfounded. *See* Opp. at 9. Plaintiff has put both expedited processing and the fee waiver at issue for all four FOIA requests and in its litigation. *See* Morris Decl. Ex. A (ECF No. 12-2 at 2-3, 7-11); *id.* Ex. B (ECF No. 12-3

at 2-3, 7-11); Ex. C (ECF No. 12-4 at 2-3, 6-10); *id.* Ex. D (ECF No. 12-5 at 2-4, 6-10); Mot. at 5-6 (Chart); Compl. ¶ 29, Civ. A. No. 24-2039 (RDM), ECF No. 1 at 7; Compl. ¶ 27, Civ. A. No. 24-2027 (APM), ECF No. 1 at 6; Compl. ¶ 27, Civ. A. No. 24-2077 (JMC), ECF No. 1 at 6; Compl. ¶ 27, Civ. A. No. 24-2099 (RC), ECF No. 1 at 6. And the requestor's motive for seeking the records is relevant to both those legal inquiries. *See* 5 U.S.C. § 552(a)(6)(e)(v)(II) (requestor required to demonstrate "compelling need" to justify expedited processing); *id.* § 552(a)(4)(A)(iii) (fee waiver granted "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester"). Since Plaintiff has asserted the same justification in its four FOIA requests for expedited processing and fee waivers, the Department has attested that its defenses on those issues will be the same. Morris Decl. ¶ 17, 23, ECF No. 12-1 at 6-8.[1]

Finally, the Court need not look further than the four corners of Plaintiff's four FOIA requests to see that there are common issues of fact and law related to the Department's search and withholdings in response to all requests. In its four requests, Plaintiff identifies the same subject matter of the requests: the LNG pause and Plaintiff's belief of the existence of a 2023 LNG export study, which Plaintiff claims was buried by Department senior officials. *See* Mot. at 5-6 (Chart). Because Plaintiff identified the same subject matter, the Department has attested that it has or expects to conduct searches within the same three departments within the agency in response to

---

[1]     Indeed, if Plaintiff truly believes its motive for seeking the records has no bearing for the Court's consideration of its four FOIA requests, it might stand to reason that Plaintiff does not intend to seek attorney's fees and costs for any of its eight lawsuits. After all, Plaintiff's entitlement to attorney's fees and costs is dependent on Plaintiff's motive for seeking the records. *See Davy v. CIA*, 550 F.3d 1155, 1159 (D.C. Cir. 2008) (one of four factors to demonstrate entitlement to fees and costs is "the nature of the plaintiff's interest in the records").

all four requests. Morris Decl. ¶¶ 24-30, ECF No. 12-1 at 8-9. Moreover, contrary to Plaintiff's assertions, *see* Opp. at 8-9, the Department never conceded that the four requests involved searches of different custodians. Rather, the Department pointed out that on the face of all four FOIA requests, Plaintiff identified the same three custodians containing responsive records: (1) Brad Crabtree; (2) David Turk; and (3) David Crane. Morris Decl. Ex. A (ECF No. 12-2 at 2); *id.* Ex. B (ECF No. 12-3 at 2); Ex. C (ECF No. 12-4 at 2); *id.* Ex. D (ECF No. 12-5 at 2). And contrary to Plaintiff's assertions otherwise, *see* Opp. at 9-10, the Department has accordingly attested that it expects to confer with the same individuals (and their respective offices) about the records responsive to all four requests and present common defenses with respect to its searches and withholdings for all four requests. *Id.* ¶ 30, ECF No. 12-1 at 9.

For these reasons, Plaintiff's citation to *Power the Future v. Dep't of State*, Civ. A. No. 24-465 and *Power the Future v. Dep't of State*, Civ. A. No. 24-2078 are not dispositive. *See* Opp. 4-5. The courts in those cases declined the Government's request to consolidate multiple FOIA requests because "the Court ha[d] not been advised that they involve the same search terms or subject matter at issue." Aug. 21, 2024, Min. Order, Civ. A. No. 24-465; *see* Sept. 4, 2024, Order, Civ. A. No. 24-2070 (relying on ruling in Civ. A. No. 24-465). In contrast to those case, the Department has presented the Morris Declaration that explains how the four requests at issue here involve the same subject matter and same search for records of overlapping custodians and within the same three departments within the agency. *See* Morris Decl. ¶¶ 24-30, ECF No. 12-1 at 8-9.

## II.  Consolidation Avoids Unnecessary Duplication of Litigation and Unnecessary Congestion of the Court's Dockets.

Because there are common issues of fact and law, the judicial economy outweighs any of Plaintiff's concerns of delay. Given the common issues of fact and law involved in determining expedited processing for the three remaining requests, it will serve judicial economy for those

issues to be resolved at once rather than risk inconsistent rulings should those same issues of fact and law be decided separately. Indeed, should the expedited processing issue be decided at once, that will also affect the processing rate for all three requests moving forward. And should a single court decide a common processing rate for all three requests, that will necessarily further facilitate an orderly and straightforward processing schedule for the remaining three FOIA requests that involved the same search among the same departments and conferring with the same departments and individuals as to withholdings. Consolidation in turn will allow the Department to focus on processing the remaining three requests to report in one joint status report, rather than having to redirect its attention away from potentially having four different processing schedules and having to confer and provide updates for up to eight differently scheduled joint status reports.

Plaintiff's accusation that the Department is only pursuing this consolidation motion to further delay processing its four FOIA requests is unfounded. *See* Opp. at 1-8, 10-11. The Department has not paused any of its processing or production in response to the four requests while it has briefed this Motion. Indeed, the Department already completed the searches for two requests, Morris Decl. ¶¶ 8, 10, ECF No. 12-1 at 3 (HQ-2024-02097-F and HQ-2024-02116-F)), and issued its final release as to another request, *see* Morris Decl. Ex. E (HQ-2024-02254-F). And since the Motion was filed two weeks ago, the Department completed the search in response to the last request (HQ-2024-02165-F).

Moreover, contrary to Plaintiff's assertions, *see* Opp. at 14, the Department's release in one of the four requests[2] (a result that Plaintiff desires) does not diminish the judicial economy to

---

[2]    Plaintiff's representation of the Department's final release as to Request HQ-2024-02254-F is incorrect. Plaintiff asserts the Department "has decided to withhold one document in full and one in part." Opp. at 14. Yet, the release letter clearly states that one document is withheld in part and that the other document is "released in its entirety." Morris Decl. Ex. E, ECF No. 12-6 at 6.

be gained from consolidation. Should Plaintiff challenge the search or withholdings for this completed request, it would still be economical for these issues to be addressed at once in one brief before one court, especially given the Department's attested anticipation that it will be presenting common defenses as to those issues for that completed request as to the three other not-yet-completed requests. *See* Morris Decl. ¶ 30, ECF No. 12-1 at 8-9.

Furthermore, Plaintiff's concern about delay in this litigation does not outweigh the significant judicial economy from having all issues decided at once rather than piecemeal. *See* Opp. at 1-2. There is no basis for Plaintiff to assume that litigation of this consolidation motion will be lengthy. With the filing of this reply, briefing will be complete, and the Court has already set a hearing on this matter for October 1, 2024. Sept. 16, 2024, Min. Order. And any of Plaintiff's complaints about the delay of having to file multiple briefing opposing the Department's motions to stay in the seven other filed cases is a product of Plaintiff's own litigation choices.

Finally, Plaintiff's reliance on *Washington Lawyers' Committee for Civil Rights & Urban Affairs v. Department of Justice*, Civ. A. No. 23-1328, 2024 WL 1050498 (D.D.C. Mar. 10, 2024), *American Oversight v. Department of Health and Human Services*, Civ. A. No. 20-0947 (TNM), 2020 WL 3469687, at *2 (D.D.C. June 25, 2020), and *Daily Caller v. Dep't of State*, 152 F. Supp. 3d 1 (D.D.C. 2015) is misplaced. *See* Opp. at 3, 11. The cases in *Washington Lawyers*, 2024 WL 1050498, at *13, were severed because the thirty-nine FOIA requests at issue in that case involved "different records related to different individuals or about the operations of various [Bureau of Prisons] programs." In *American Oversight*, 2020 WL 3469687, at *2, the Court declined consolidation with one of the later-filed cases because it involved a different procedural posture, and the other case involved more agencies than the first-filed case and a different scope of records. And in *Daily Caller*, 152 F. Supp. 3d at 3, the Court had denied designating a single judge to

oversee all of the FOIA matters given the lengthy procedural histories of the matters, and "[t]he judges who have been randomly assigned to these cases have been and continue to be committed to informal coordination so as to avoid unnecessary inefficiencies and confusion, and the parties are also urged to meet and confer to assist in coordination." Order Denying Mot. Designation of Coordinating Judge at 2, *In re: U.S. Dep't of State FOIA Litig. Regarding Emails of Certain Former Officials,* No. 15–mc–1188 (D.D.C. Oct. 8, 2015), ECF No. 41.

In contrast, Defendant's Motion involves only four FOIA requests to the same agency, and all seek communications or documents involving a search of overlapping custodians about the same LNG pause and alleged LNG study. Moreover, all eight cases are still in the early stages of litigation. *See* Mot. at 12. In the other seven cases, either the case has already been stayed pending the outcome of Defendant's consolidation motion or Defendant's stay motion has been filed. *See* Def.'s Mot. to Stay, Civ. A. No. 24-1829 (RDM), ECF No. 15 (Sept. 17, 2024); Def.'s Mot. to Stay, Civ. A. No. 24-2039 (RDM), ECF No. 9 (Sept. 6, 2024); Def.'s Mot. to Stay, Civ. A. No 24-1887 (APM), ECF No. 13 (Sept. 16, 2024); Def.'s Mot. to Stay, Civ. A. No. 24-2027 (APM), ECF No. 8 (Sept. 12, 2024); Sept 16, 2024, Order Granting Stay, Civ. A. No. 24-1926 (JMC); Sept. 16, 2024, Order Granting Stay, Civ. A. No. 24-2077 (JMC); Sept. 23, 2024, Order Staying, Civ. A. No. 24-1957 (RC); Def,'s Mot. to Stay, Civ. A. No. 24-2099 (RC), ECF No. 9 (Sept. 16, 2024). There is also no indication here that the four jurists assigned to this matter will necessarily coordinate either formally or informally.

For these reasons, consolidation of the four pairs of cases will serve judicial economy and is appropriate. Failure to consolidate these cases will otherwise set a troubling precedent for this District and other agencies moving forward. Represented requestors will be emboldened to break out single FOIA requests on the same subject matter into as many discrete requests as possible and

file multiple complaints per request in the hopes of obtaining multiple processing schedules for essentially the same request with the added benefit of exponentially increasing their potential for attorneys' fees and costs. But encouraging these kinds of tactics will only complicate agencies' already stretched capacities to efficiently respond to these requests, burden this District with unnecessarily duplicative FOIA filings, and increase the risk of inconsistent rulings on the same legal and factual FOIA issues.

## CONCLUSION

For the foregoing reasons and those in Defendant's Motion, the Court should consolidate all eight aforementioned cases.


Dated: September 27, 2024                 Respectfully submitted,

                                          MATTHEW M. GRAVES, D.C. Bar #481052
                                          United States Attorney

                                          BRIAN P. HUDAK
                                          Chief, Civil Division


                                          By:      */s/ Erika Oblea*
                                          ERIKA OBLEA, DC Bar #1034393
                                          BRENDA GONZÁLEZ HOROWITZ,
                                          DC Bar #1017243
                                          Assistant United States Attorneys
                                          601 D Street, NW
                                          Washington, DC 20530
                                          (202) 252-2500 (main)
                                          Erika.Oblea@usdoj.gov
                                          Brenda.Gonzalez.Horowitz@usdoj.gov

                                          *Attorneys for the United States of America*