UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOVERNMENT ACCOUNTABILITY & OVERSIGHT,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF ENERGY,<br><br>*Defendant*. | Civil Action No. 24-1829 (RDM) |

**PLAINTIFF'S NOTICE OF
SUPPLEMENTAL AUTHORITY**

NOW COMES Government Accountability & Oversight ("Plaintiff"), by and through its undersigned counsel, and files this Notice of Supplemental Authority in support of its Motion for Judgment on the pleadings.

Attached hereto is a news article published on November 7, 2024, which sheds light on the arguments and relevant facts underlying this matter pertaining to Defendant's desire to delay the release of records and its specious assertion that there are no records responsive to Plaintiff's request because the Department decided, months into this litigation and only after rewriting Plaintiff's search parameters, that no *final* records exist (at least none *ready for release for the public's view*), and that the instant matter should be dismissed as moot. Ari Natter and Ruth Liao, *Biden Rushing Study That Threatens to Slow Trump's LNG Plans*, Bloomberg Law, https://www.bloomberg.com/news/articles/2024-11-07/biden-rushing-study-that-threatens-to-slow-trump-s-lng-plans (last visited November 8, 2024).

This Court has the power to consider "matters of which the court may take judicial notice…

and matters of public record…" on a Motion for Judgment on the Pleadings. *Egilman v. Keller & Heckman, LLP*, 401 F. Supp. 2d 105, 109 (D.D.C. 2005). This includes news articles. *Reporters Comm. for Freedom of the Press v. FBI*, 369 F. Supp. 3d 212, 215 n.2 (D.D.C. 2019), citing *Sandza v. Barclays Bank PLC*, 151 F. Supp. 3d 94, 113 (D.D.C. 2015) (taking judicial notice of existence of news articles); *Washington Post v. Robinson*, 935 F.2d 282, 291, 290 U.S. App. D.C. 116 (D.C. Cir. 1991) ("court[s] may take judicial notice of the existence of newspaper articles…").

The article sheds light on the issues at play in this case for at least the following reasons:

*First*, as Plaintiff has noted based on information and belief, ECF No. 1 at 3, ¶ 10 *et seq.*, the Department's "pause" on LNG exports nominally in order to conduct a macroeconomic study of LNG exports was pretextual, imposed to engineer a report reaching an outcome supportive of the current Administration's desire to restrict such exports after precisely such a study was already produced in 2023 but buried for the reason that it supported exports of LNG. To this point, the article's two subheadings tell the tale of the reporting: "*Officials are racing to finish study on LNG export impacts; *Study could slow down but not stop Trump LNG expansion efforts."

*Second*, it demonstrates that records related to the LNG pause remain a "matter of current exigency to the American public." *Al-Fayed v. CIA*, 349 U.S. App. D.C. 223, 254 F.3d 300, 301 (2001). The LNG "pause" has not faded from the public and media consciousness, but remains very much a topic of urgency in the public debate even after the November 5, 2024 election.

*Third*, it demonstrates that the records Plaintiff actually requested, as opposed to the records Defendant has unilaterally reinterpreted the Plaintiff to request, will shed light on the LNG pause and whether it is merited under existing factual conditions or present law. Specifically, Defendant has previously acknowledged in this case that 97 records exist. It then unilaterally reinterpreted Plaintiff's FOIA request as applying only to records that the Department of Energy

2

asserts are "final" or "ready for release for the public's view," such that somehow Plaintiff's FOIA request can be completely satisfied by a response stating that "no records" as described by Defendant, rather than those described by Plaintiff, exist. The article and the reporting producing the article support Plaintiff's assertions in this matter that the reason the Department asserts no LNG study (nor emails transmitting any LNG study) are ready for public consumption is because the Department intends to hurriedly produce and publicly release a study prior to inauguration day in January 2025 reaching an entirely different conclusion than the unwelcome conclusion produced in 2023 study, in order to restrict exports.

Respectfully submitted this the 8th day of November, 2024,

GOVERNMENT ACCOUNTABILITY & OVERSIGHT
By Counsel:

/s/Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com

s/Christopher Horner
Christopher Horner, D.C. Bar No. 440107
Max Will, PLLC
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 262-4458
Email: Chris@CHornerLaw.com